Commonwealth v. Warren.   Same v. Same.

---

CASE 111—INDICTMENT—SEPTEMBER 7.

## Commonwealth v. Warren.

## Same v. Same.

APPEALS FROM MARION CIRCUIT COURT.

1. TO CONSTITUTE THE OFFENSE OF OBTAINING THE SIGNATURE OF ANOTHER TO A WRITING BY FALSE PRETENSE the false pretense must be a statement of some pretended past occurrence or existing fact made for the purpose of inducing the party injured to sign the

writing. No statement or representation of any thing to take place in future is a pretense in the meaning of the statute, whether it be in the form of a promise or not.

One who induces another to sign a note upon the representation that it is to be used as a renewal of an existing note upon which the person signing is bound does not violate the statute, although he intends to and does use the note for another purpose.

2. INDICTMENT. The allegation in the indictment in this case that defendant falsely represented that the note to which he procured the signature "was a renewal" of an existing note, amounts to no more than an allegation of a promise to use it as a renewal; and as the fact that defendant represented that the note to be renewed was due when it was not due, could not have induced the signing of the alleged renewal note, the allegation of that fact does not bring the case within the rule requiring the "statement of some pretended past occurrence or existing fact."

WM. J. HENDRICK, ATTORNEY-GENERAL, FOR APPELLANT.

The indictment is good, and the demurrer should have been overruled. (Bishop's Crim. Proc., vol. 2, title, False Pretense; Barnard v. Commonwealth, 94 Ky.)

W. J. LISLE AND JNO. D. FOGLE FOR APPELLEE.

1. To constitute a false pretense within the meaning of the statute, the representation must be as to a then existing or past fact in contradistinction to something to be done in the future. (Wharton's Am. Crim. Law, secs. 2118-2129; Commonwealth v. Haughey, 3 Met., 224; Glackan v. Commonwealth, *Idem*, 233.)

2. The statute does not include cases where the party defrauded has the means of detection at hand. (Commonwealth v. Grady, 13 Bush, 286.)

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

The sufficiency of the following indictment is in question on this appeal:

"The grand jury of the county of Marion, in the name and by the authority of the Commonwealth of Kentucky, accuse William Warren of the crime of obtaining the signature of another to a writing, the false making whereof would be a forgery, by false pretenses, with the intent to commit a fraud, com-

mitted in manner and form as follows, to wit: The said William Warren, in the said county of Marion, on the 9th day of July, A. D., 1890, and before the finding of the indictment herein, did falsely pretend to A. Lee that two notes, to wit: negotiable promissory notes, promising to pay to the Marion National Bank of Lebanon, Kentucky, at the said bank, three hundred and fifty dollars each, and executed by said William Warren as principal and the said A. Lee as security, were then due, and the said William Warren did then present to the said A. Lee another negotiable promissory note, payable to the said Marion National Bank in Lebanon, Kentucky, dated 9th day of July, 1890, and due in four months thereafter, for seven hundred dollars, which said note was all drawn up in due form and signed by the said William Warren, and the said William Warren did then and there falsely represent and pretend to the said A. Lee that the said note so drawn up and signed by the said William Warren was a renewal of the former notes aforesaid, and by said false and fraudulent representations so made did obtain the signature of the said A. Lee as security to said note. Said first notes were not then due when said representations were so made, and said second promissory note was not a renewal note for said first two notes, and was not so used, but was made and prepared by the said William Warren, and at his instance, to satisfy other notes which he owed said bank, and which he did so satisfy other notes by exchanging said seven hundred dollars for two other notes which he owed, and upon which A. Lee was not bound, and said false representations were

made by the said Wm. Warren with the intention to commit a fraud as aforesaid, and said second note and the signature of A. Lee were writings, the false making whereof would have been a forgery, and said false representations were feloniously made, and the said A. Lee as security and William Warren as principal at the time said false representations were made did owe said bank two notes for three hundred and fifty dollars each, all of which was contrary to the form of the statute," &c.

A demurrer to the indictment filed by the appellee Warren was sustained by the circuit court, and the Commonwealth has appealed, insisting that the indictment is a good one under section 2, article 13, chapter 29, General Statutes, which is as follows: "If any person by any false pretense, statement or token, with intention to commit a fraud, obtain from another money, property or other thing which may be the subject of larceny, or if he obtain by any false pretense, statement or token, with like intention, the signature of another to a writing, the false making whereof would be forgery, he shall be confined in the penitentiary not less than one nor more than five years."

Obviously the false pretenses or representations attempted to be charged against the appellee are that the notes for three hundred and fifty dollars each were due when they were not due, and that the note for seven hundred dollars, when presented to Lee for his signature, was a renewal of the smaller notes, when it was in fact afterward used otherwise. Now, it is clear that Lee was not induced to sign the alleged re-

newal note upon the mere representation that the other notes had matured. If the representation had been that they would fall due on the next day, the same necessity would have existed for Lee's signature to the alleged renewal note. The statement as to the maturity of the paper·was not a moving or controlling cause or inducement in obtaining the signature. It is in fact not so alleged in the indictment. It is apparent that the appellee obtained the signature of his friend to the new note by *the promise that it would be used in renewal* of the old ones upon which he was bound at the bank.

The language of the pretense, as laid in the indictment, that the note "was a renewal of the former notes," can intelligently mean nothing else than that it was intended to be used as such renewal note. Of course a note can not be a renewal of another note until it is signed by the obligor and delivered to the obligee, and by him accepted as such renewal. The plain meaning of the charge in the indictment is that after Lee should sign it, the note was to be delivered in renewal of the old notes, but that the appellee violated his promise and used it otherwise.

·This is not a violation of the statute as has been repeatedly held by this court. "It is essential to a conviction for obtaining property or money under false pretense, to allege and prove that the pretense was a statement of some pretended past occurrence or existing fact, made for the purpose of inducing the party injured to part with his property. No statement or representation of any thing to take place in future is a pretense in the meaning of the statute, whether it

be in the form of a promise or not." (Glackan v. Commonwealth, 3 Met., 233.)

The judgment sustaining the appellee's demurrer and dismissing the indictment is therefore affirmed.