## Steely v. Commonwealth.

(Decided June 16, 1916.)

### Appeal from Whitley Circuit Court.

1. False Pretenses—Elements of Offenses.—It is necessary in order to constitute the offenses denounced by section 1208 of the Kentucky Statutes of procuring of other property by false and fraudulent pretenses that the false pretenses should relate to an existing or past fact. The offense, however, is not affected when this requirement is found because of an additional false statement concerning something to be done in the future.

2. False Pretenses—Evidence.—If, under an indictment for such an offense, the Commonwealth proves only the false statement or pretense that something will be done in the future, there is a failure to establish the guilt of the defendant.

3. False Pretenses—Obtaining Money Under—Insufficiency of Evidence.—Where the proof shows that J. gave to S. some money under a promise that the former would procure for J. some whiskey, but instead of doing so he never returned but kept the money, it was insufficient to justify a conviction of S. of the offense of obtaining money under false pretenses. Quere, whether under such circumstances S could be convicted of the offense charged, although he may have falsely represented to J. that he, the defendant, then had the whiskey in his possession, if it should be shown that at the time and place the local option law was in force?

M. M. LOGAN and OVERTON S. HOGAN for appellee.

E. L. STEPHENS for appellant.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

The grand jury of Whitley county on October 5, 1915, returned into court an indictment against appellant, Isaiah Steely, charging him with fraudulently obtaining money by false pretenses and representations made to W. B. Johnson, whereby appellant obtained from Johnson the sum of fifty cents; the offense being that denounced by section 1208 of the Kentucky Statutes.

Upon a trial under the plea of "not guilty" the appellant was convicted and his punishment was fixed by the jury at confinement in the penitentiary for not less than one year nor more than one year and one day. Judgment was rendered on this verdict, and complaining of it, this appeal is prosecuted.

The first complaint is made because of error committed by the court in overruling a demurrer to the indictment. The charging part of the indictment is in these words: "The said Isaiah Steely on the 3rd day of October, 1915, before the finding of this indictment and in the county and state aforesaid, did unlawfully, willfully, feloniously, falsely and with intent to commit fraud, falsely represent to W. B. Johnson that he had a pint of whiskey to sell him for 50 cents, thereby obtained from W. B. Johnson, 50 cents in cash, the personal property of said Johnson, which said statement was false and untrue and known by the defendant at the time to be false. The said Johnson relying on said false statement, paid said Steely 50 cents in cash, and but for said statement would not have parted with his money, said Steely knowing that he did not have said whiskey,

and made said false statement for the purpose of defrauding said Johnson out of his money."

From this it will be seen that the pretense, with the requisite criminal intention, which the appellant is charged to have made to the prosecuting witness is, that he had at that time a pint of whiskey which he would procure and deliver to Johnson if the latter would pay to him fifty cents; that on this representation, which it is charged the witness believed, appellant obtained the fifty cents, and that such representation or pretense was false in that he did not have at that time the whiskey which was the inducement for Johnson to part with his money. It is true that the further pretense was made that appellant would go after and procure the whiskey as soon as he could do so. This latter statement, or pretense, is in the nature of a promise and is something to take place *in futuro*. If the indictment was based entirely upon this promise to do something in the future, it would be defective; failing in that instance to charge the offense denounced by the statutes. Glackan v. Com., 3 Met. 232; Com. v. Moore, 89 Ky. 542; Com. v. Warren, 94 Ky. 615; Com. v. Murphy, 96 Ky. 28; McDowell v. Com., 136 Ky. 8.

Under the earlier statute in this state defining the crime under consideration, if the false pretense contained any element of a promise of something to be done or happen in the future, which was an inducing cause for the prosecuting witness to surrender his property, the defendant in the indictment could not be convicted. But since then the statute has been amended by inserting therein the word "statement," which this court in the Murphy case, *supra,* construed to dispense with the necessity of showing that all of the inducing pretenses should refer to past or existing facts, and held that it is sufficient if one of the inducing false pretenses related to a past or existing fact upon the truth of which the defrauded party relied in parting with his property. The subsequent cases from this court, adopt the construction given in the Murphy case.

Testing the indictment by this rule, we are convinced that it sufficiently charges the appellant with the crime, and the demurrer filed thereto was properly overruled.

Looking to the evidence we find that the witness, Johnson, some time in June preceding the finding of the indictment, with the assistance of others in the town of

Williamsburg, consumed a pint of whiskey which had either been purchased from appellant or which he had furnished, the proof not being clear. After this pint was exhausted, the crowd still more thirsty than wise, busied itself to obtain another pint. This resulted in the production of a fund of seventy-five cents, 50 cents of which was furnished by Johnson, and all of it delivered to appellant under a promise from him that he would return in about 30 minutes with the desired goods; but he did not return. The aftermath was the finding of this indictment by a grand jury of which Johnson was a member. This witness testified in chief: "Q. When you gave him fifty cents, what did he say about having a pint of whiskey? A. Said he would go and get it in thirty minutes. Q. Did he have another pint? A. Said he did." Upon cross-examination he said: "Q. Did you say that this defendant came to you and said he had some liquor to sell? A. No, sir. Q. Did he ever tell you he had any liquor to sell? A. He went and brought the first pint. Q. Just answer the question. A. He said he would go and get some whiskey. Q. Where did he say he would get it? A. He said he would get it in thirty minutes. Q. Did you understand where he had gone? A. No. Q. He told you where he would get it? A. No, he didn't tell me where."

The other testimony introduced upon the point as to what appellant said in regard to his having the whiskey, or from whom he would get it, weakens rather than strengthens the testimony of Johnson. The appellant testified that he did not have in his possession at that time any whiskey for the purpose of sale or other purpose, and that it was his intention to obtain it from an illicit dealer whom he knew in Williamsburg, but if without success then from any person from whom he might be able to obtain it; that he did not state to the witness, Johnson, that he himself had it. If the testimony of the prosecuting witness on his examination in chief can be construed into a positive statement that appellant represented that he had the whiskey for which the money was given him to procure (which we very much doubt), this is entirely destroyed by his testimony given on cross-examination. This results in a total failure of proof showing any false pretense of the existence of a past or present fact; leaving the promise to procure the whiskey, which was a thing to take place in the future,

as the only false pretense proven, which, under the authorities from this court, *supra,* as well as from text-writers and other courts, is insufficient to sustain the conviction.

Some suggestion is made to the effect that this offense can not be committed when the party alleged to have been defrauded was himself at the time and in the very transaction in which the alleged fraud occurred, in league with the one committing the offense and assisting him to violate the law. We refrain from discussing this question or expressing an opinion on it because it is neither presented by the demurrer to the indictment, nor by the evidence introduced upon the trial. From neither source are we informed whether the local option law was in force at the time and place where and when the offense is alleged to have been committed. The court should have instructed the jury to find defendant not guilty.

Judgment reversed for proceedings consistent herewith.