STECHER, Plaintiff in error, vs. THE STATE, Defendant in error.

*October 11—November 6, 1918.*

*Criminal law and practice: Obtaining money by false pretenses: Sufficiency of information and of evidence.*

1. Acts or conduct may constitute false pretenses.
2. An information following the language of sec. 4423, Stats., and charging defendant with obtaining by false pretenses a power of attorney to mortgage certain land of another person and, by placing a mortgage thereon, designedly and with intent to defraud obtaining money, is *held* sufficient, even as against an objection made before trial,—the false representations, which consisted largely of conduct and a course of dealing rather than oral misrepresentations, being stated as fully as the circumstances would permit, and defendant being fully apprised thereby of the offense with which he was charged.
3. Where such information alleged that the woman who signed the instrument had by the false representations of defendant been led to believe that it was a paper which would assist him in selling the property for her, and that she was induced by his false pretenses and representations to deliver to him a power of attorney to mortgage the land, an allegation in terms that she relied upon the representations was not essential.
4. The evidence in such case (stated in the opinion) is *held* sufficient to sustain a conviction.

ERROR to review a judgment of the municipal court of Brown county: N. J. MONAHAN, Judge. *Affirmed.*

Criminal prosecution for obtaining money under false pretenses. The information alleged that the defendant did unlawfully, designedly, and falsely, and with intent to defraud obtain from Mrs. Anna Remich the power of attorney to mortgage certain property therein described, by falsely representing to Mrs. Remich that he, the defendant, desired to sell said property, and that the said Mrs. Remich, at the request of the defendant, went to the defendant's office and signed an instrument in writing which she had been led to believe by the false representations of said defendant, which she believed to be true, to be a paper which would assist her

in having the defendant sell her property, when in truth and in fact the said instrument was a power of attorney authorizing the defendant to mortgage or sell Mrs. Remich's property, and that the defendant falsely procured said power of attorney with intent to defraud Mrs. Remich and place a mortgage of $2,000 on said property, and other formal allegations. The defendant pleaded not guilty. Before any testimony was taken the defendant objected to the reception of any evidence under the information for the reason that it did not state a cause of action. The objection was overruled and the trial then proceeded. The case was submitted to the jury, which found the defendant guilty and he was sentenced to three years in the state prison. To review the judgment of the court the defendant sued out a writ of error.

For the plaintiff in error there was a brief by *Kittell, Jaseph & Redfield* of Green Bay, and oral argument by *Lynn D. Jaseph.*

For the defendant in error there was a brief by the *Attorney General, J. E. Messerschmidt,* assistant attorney general, and *William Cook,* district attorney of Brown county, and oral argument by *Mr. Messerschmidt.*

ROSENBERRY, J.    The first ground upon which a reversal is claimed is that the information did not charge an offense. It is claimed that the information does not allege what the false representations were; that it is not alleged that the defendant represented the power of attorney to be anything other than it was; and that the information did not allege that Mrs. Remich relied upon the false representations of the defendant.

Under the facts in this case it was very difficult to describe and state with exactitude the representations which were in fact made, for the reason that they consisted largely of conduct and a course of dealing rather than of oral misrepresentations. It appears that the representations were

stated and described as fully as the circumstances of the case permitted and fully apprised the defendant of the offense with which he was charged and for which he was convicted. While the information does not contain an allegation in terms that Mrs. Remich relied upon the representations made by the defendant, it does allege that she had been led to believe by false representations which she believed to be true that the paper would assist the defendant in selling her property and that she was induced by the false pretenses and representations of the defendant to deliver to him a power of attorney to mortgage, etc. The information follows the language of sec. 4423, Stats., and we think stated an offense and advised the defendant with particularity as to the exact offense which was charged, and is sufficient even upon objection made before trial. *Davis v. State,* 134 Wis. 632, 115 N. W. 150.

It is further claimed that the evidence is not sufficient to support a conviction of the offense charged. It appears that in 1915 the defendant rented rooms in the rear of Mrs. Remich's house, where he lived for about nine months; that he became very well acquainted with Mrs. Remich and that he lived there almost as a member of the family. In May, 1916, in the presence of Mrs. Remich's relatives, he agreed to sell the property upon which the house was located. In August, 1916, he brought purchasers to the house, and Mrs. Remich supposed that this was in connection with the proposed sale. Mrs. Remich was eighty-one years of age and her business for some years past had been transacted mainly by her daughter, Mrs. Manney, with whom she lived. On the day that the purchasers were brought to the house and the power of attorney was signed the defendant knew that Mr. and Mrs. Manney were absent from the city. Mrs. Remich went to the defendant's office to sign the power of attorney, and while there she was asked by an employee of the defendant if she knew what she was signing and she said she did, but she did not attempt to state what the nature

of the instrument was. The power of attorney was signed on August 2d, and it was not until nine months later that she learned that a mortgage had been placed upon her property for $2,000, and she then discovered for the first time the existence of the power of attorney in question. She had a policy of fire insurance upon the property, but the defendant did not ask her to transfer this, but caused new policies of insurance to be issued. Mrs. Remich claimed that at the time the appraisal was made the defendant told her the property was appraised for $5,000, but that he was going to sell it for $5,500. He did not make any statements to her as to the contents of the document and denied the material facts testified to by Mrs. Remich, but his conduct and the whole course of the transactions between Mrs. Remich and the defendant were such as to induce her to believe and suppose that instead of signing a power of attorney to mortgage the home she was signing papers which had to do with its sale. The fact that the defendant on the 4th day of August mortgaged the property under the power of attorney; that he had never advised Mrs. Remich of that fact; that although in business with Mr. Manney, her son-in-law, he never disclosed to him the fact of procuring the power of attorney; and that he used the proceeds of the mortgage for his own purposes, sufficiently characterizes the transaction so far as the defendant is concerned. Acts or conduct may constitute false pretenses. 11 Ruling Case Law, 838, footnote and cases cited.

The case presents some rather unusual features. The false representations made were rather meager, but it is undisputed that they were sufficient to deceive Mrs. Remich, and upon the whole case the jury were satisfied beyond a reasonable doubt as to the guilt of the defendant, and we see no reason, after carefully considering the evidence, why the judgment should be disturbed.

*By the Court.*—Judgment affirmed.