## Commonwealth v. Harper.

(Decided October 6, 1922.)

### Appeal from McCracken Circuit Court.

1. False Pretense—Elements of Offense.—The falsely represented or pretended fact whereby one is defrauded of his money or property must be a present or past one and not one to happen in the future.

2. False Pretenses—Elements of Offense.—The representation or pretense need not be express but may consist in any act, conduct, sign, symbol, or token by which another is deceived into parting with his property.

3. False Pretenses—Elments of Offense.—The false representation or pretense need not be made by defendant in person, it being sufficient, if made by another at his instigation.

4. False Pretenses—Conspiracy.—W. had sold his crop of tobacco at a stipulated price. H., his neighbor, had an inferior crop of tobacco and worth much less than W.'s. H. procured W. to deliver his tobacco as a part of the latter's crop and agreed to and did pay him two cents per pound for so doing. When H.'s tobacco was delivered by W., pursuant to the agreement, he represented that it was a part of his crop and collected the price agreed to be paid therefor which he afterwards paid to W. less the agreed commission for perpetrating the fraud. Held, that the facts were sufficient to authorize the conviction of H. for the offense of conspiring to obtain property under false pretenses.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellant.

REED & BURNS for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Certifying the law.

This indictment, duly returned in the McCracken circuit court, accused the appellee, Shell Harper, and Charlie Walker of the offense of conspiring and confederating together for the purpose of obtaining money by false pretenses, statements, representations and tokens, with the intent to defraud the firm of Stahl and Hayden, who were dealers in leaf tobacco in the city of Paducah, Ky., and that in pursuance of the conspiracy they did obtain from the firm $65.25 by representing to them that certain tobacco, which Walker delivered pursuant to a prior contract, whereby he sold his tobacco to the firm for 14 cents per pound, was a part of his crop of tobacco which the firm had previously purchased at the price stated, when in truth and in fact the tobacco so delivered and represented to be a part of Walker's crop did not belong to him nor was it a part of his tobacco, but on the contrary it belonged to his co-defendant, the appellee, Shell Harper, who had procured Walker to deliver it to the firm and procured him to make the representations and to thereby obtain for his tobacco an increase of six or seven cents per pound more than it was worth and which sum in the aggregate totaled the $65.25 above stated. The court overruled the demurrer filed by appellee to the indictment and he entered a plea of not guilty. At the conclusion of the evidence introduced by the Commonwealth the

court upon his motion directed the jury to acquit him, which was accordingly done, and this appeal by the Commonwealth seeks a certification of the law arising upon the facts as disclosed by the witnesses for the Commonwealth. The court filed no opinion and the orders of record do not disclose the reason for the court's action. However, it evidently concluded that the indictment was sufficient, with which we agree, since the demurrer filed to it was overruled and the court, therefore, must have concluded that the testimony was insufficient to support the allegations of the indictment, which, in substance, is the argument made in brief of counsel for appellee.

The testimony introduced showed without contradiction these facts: That some time prior to the delivery of the load of tobacco in question Walker sold his crop to Stahl and Hayden for the price of fourteen cents for the good tobacco, and two cents for the lugs; that after the contract was made, Harper, who was a neighbor of Walker, learned of it and went to the latter's father and offered to pay him if he would procure his son to allow appellee's tobacco to be delivered as a part of the son's crop under his contract; that shortly thereafter appellee did enter into an agreement with his co-defendant to that effect and agreed to pay him two cents per pound for all the tobacco that he would deliver under his contract; that pursuant to the agreement Harper loaded his tobacco on his wagon and hauled it to Paducah and delivered the wagon and the load to his co-defendant at an agreed place and the latter carried it to the warehouse of Stahl and Hayden where he delivered it and stated at the time to the receiving agent of the firm that it was a part of his crop; that appellee's son accompanied him when the tobacco was delivered, but appellee, upon his own suggestion, declined to do so; that Walker received a check from the firm for the amount of tobacco so delivered at his contract price; which he cashed and later in the day met appellee and paid to him the amount of the check less the agreed two cents per pound commission; that after the discovery of the fraud appellee agreed with Mr. Stahl, a member of the firm, that his tobacco which had been delivered in the manner stated was worth as much as five cents per pound less than Walker's crop and he paid to the firm that difference.

The foregoing facts were testified to by Walker, who was introduced by the Commonwealth, and they are all admitted by appellee, except he had no knowledge as to the representations made by Walker to the representative of the firm at the time the tobacco was delivered and paid for. It was furthermore proven by L. B. Alexander, the attorney for Walker alone, that he had a conversation with appellee after his client had delivered the tobacco the substance of which as given by the witness was: "He. said he had an agreement with young Walker to put his tobacco in on his contract, and that he was to pay Walker and did pay Walker $2.00 per hundred for doing this. That he brought this tobacco on his wagon, used his own team, and hauled it from home to Paducah and Walker came down on the train that day and they met here in Paducah and Walker took the tobacco out there and delivered it."

That the testimony, the substance of which we have briefly outlined, sustained the allegations of the indictment and was sufficient if believed by the jury to authorize a conviction, we entertain not the slightest doubt. The unlawful agreement to defraud the firm of Stahl and Hayden, which constituted the conspiracy, is not only admitted by appellee but it is also proven by his co-defendant and the latter's father. The same is also true as to the result of the conspiracy which was literally carried out by Walker and by means of which he fraudulently obtained from the firm money which it parted with under the belief of the fraudulently represented fact that the tobacco which it received was a part of Walker's crop which it had theretofore purchased at the stipulated price.

When the object of the conspiracy is consummated, if the consummated act is a felony, under the law, the conspiracy is merged in it. Commonwealth v. Blackburn, 1 Duvall 4; 12 Corpus Juris, 580. The representations and pretenses by means of which money or other property is fraudulently obtained in this character of offense need not be expressed in words, since it is sufficient if they are communicated to the person defrauded by "any act, word, symbol, or token calculated and intended to deceive. It may be made either expressly, or by implication." 25 Corpus Juris, 610; Commonwealth v. Beckett, 119 Ky. 817, 84 S. W. R. 758, 27 Ky. L. R. 265, 115 A. S. R. 285, 68 L. R. A. 638; Com. v. Murphy, 96 Ky. 28, and

Taylor v. Com., 94 Ky. 281. It is likewise essential that the representation or pretense when made by any of the methods stated should relate to the existence of a present or past fact, it being insufficient to constitute the offense if the representation or pretense concerns only a future fact. 25 Corpus Juris, 590; Steely v. Commonwealth, 171 Ky. 58; Same v. Same, 170 Ky. 794; McDowell v. Commonwealth, 136 Ky. 8; Commonwealth v. Schwartz, 92 Ky. 510, and Glackan v. Commonwealth, 3 Metcalfe, 232. It is furthermore unnecessary that the false pretense or representations, howsoever communicated, be made by the defendant in person, since it is sufficient if it be done by some one instigated by him to do so. 25 Corpus Juris, 589; Rand v. Commonwealth, 176 Ky. 343; Taylor v. Commonwealth, 94 Ky. 281, and Day v. Commonwealth, 33 Ky. L. R. 560. So that, in this case, the accusation against appellee was sustainable had Walker not *expressly* represented that the tobacco he delivered was his own because his act and conduct in delivering the tobacco and accepting payment therefor at the agreed purchase price of his crop was sufficient to establish by conduct the representation and pretense that it was so, and he was by the agreement between himself and appellee instigated by the latter to make such pretense and representation. The false representation also related to a present fact, *i. e.*, that the tobacco was at that time a part of Walker's crop which he had sold to the firm of Stahl and Hayden.

The evidence, therefore, as we view it, was sufficient to establish every element of the offense for which appellee was tried and was sufficient, unless explained or in some manner overturned, to uphold a conviction, and the court erred in directing the verdict of acquittal. Wherefore, this opinion is certified as the law of the case.