IN THE

# SUPREME COURT OF TENNESSEE

. FOR THE

## MIDDLE DIVISION.

### NASHVILLE, DECEMBER TERM, 1923.

THE STATE *v.* B. K. HIGGINS.

### (*Nashville.* December Term, 1923.)

1. **FALSE PRETENSES.** False representation must relate to existing fact.

À false representation sufficient to support an indictment must be made with regard to an existing fact. (*Post, pp.* 607-609.)

2. **FALSE PRETENSES.** Indictment not alleging false representation as to existing fact held insufficient.

An indictment under Thompson-Shannon, Code, section 6568, alleging that defendant fraudulently obtained the signature of prosecutor to a note, with an intent to deprive him of the amount represented by the note, by representing that the same was a renewal of a note previously executed was insufficient; the representation of defendant, though fraudulent, not relating to any past or existing fact, but to the future, and being essentially a promise. (*Post, pp.* 607-609.)

Cases cited and distinguished: Rothschild v. State, 81 Tenn., 294; Canter v. State, 75 Tenn., 349; Commonwealth v. Warren, 94 Ky., 615.

Code cited and construed: Sec. 6568 (T.-S.).

FROM CANNON.

609.

Appeal from the Circuit Court of Cannon County.—
HON. JNO. E. RICHARDSON, Judge.

WM. H. SWIGGART, JR., Assistant Attorney-General, for
the State.

CUMMINGS & MELTON, for appellee.

MR. MALONE, Special Judge,, delivered the opinion of
the Court.

This is an appeal by the State from an order of the trial
court sustaining defendant's motion to quash the indict-
ment, which charged, in substance, that the defendant B.
K. Higgins obtained the signature of another to a written
instrument by reason of false pretenses.

The indictment, omitting formal parts, charges:

"That B. K. Higgins heretofore, to-wit, on the—— day
of ——, 1920, . . . feloniously and fraudulently ob-
tained the signature of B. F. Wood to a written instru-
ment, viz: " '$250.   Woodbury, Tenn., Oct. 15, 1920.

" 'Twelve months after date I promise to pay to the
order of Bob Higgins two hundred and fifty dollars, at
the Bank of Woodbury, Tennessee, with interest, for value
received.   And it is hereby agreed that we, principal, sure-
ty and indorsers, waive demand, protest, and notice, and
agree to any extension of time of payment, and if note is
collected by an attorney, we agree to pay a reasonable fee
for same.

" 'B. K. HIGGINS.
" 'B. F. WOOD, Sec.
" 'T. H. MCMILLEN.'

State v. Higgins.

"Feloniously, falsely, and fraudulently pretending and representing at the time to the said B. F. Wood that said note or written instrument was a renewal of a note in a similar amount executed September 22, 1919, which pretense was wholly false and untrue, and the said B. K. Higgins well knew the same to be false and untrue, and made with intent to deprive him, the said B. F. Wood, of $250 of good and lawful money of the United States, and done for the purpose of defrauding him, against the peace and dignity of the State."

Among other grounds set forth in the motion to quash were the following:

(1) "The indictment fails to charge that the alleged false pretense was as to an existing or past fact."

(2) "It appears on the face of the indictment that the alleged false pretense was a mere promise to do something in the future."

The statute on which the indictment was based is section 4701 of the Code of Tennessee (Shannon's Compilation, section 6568), reading as follows:

"Every person, who, by any false pretense, or by any false token or counterfeit letter, with intent to defraud another, obtains from any person any personal property, or the signature of any person to any written instrument the false making of which is forgery, shall, on conviction, be imprisoned in the penitentiary not less than three nor more than ten years."

The exact question raised by the indictment and motion to quash does not seem to have been passed on by this court in any published opinion.

It is conceded by the State that the false representation must be made with regard to an existing fact, and such is

the well-settled rule. *Rothschild* v. *State,* 13 Lea, 294, 299;
*Canter* v. *State,* 7 Lea, 349, 351, 352.

In *Rothschild* v. *State,* 13 Lea, 294, it is said, at page
299: "The false pretense, the authorities agree, must be
of some existing or past fact, in distinction alike from a
mere promise and a mere opinion, and this fact must be
such in its nature as is known to the person employing
the pretense."

And in *Canter* v. *State,* the court said: "The pretense
must consist of a statement of some existing fact, and
not a mere promise of something to be done in the future."

The note in question is set out in the indictment, and
there is nothing to distinguish it from any other promis-
sory note. In other words, there is no such separate ne-
gotiable instrument as a "renewal note." The term "re-
newal" merely connotes the idea of an existing obliga-
tion evidenced by a prior note, for which, at maturity,
the new note is to be substituted.

When, therefore, a note is signed as a "renewal note,"
the parties contemplate that it will be substituted for an
existing note which has matured or will thereafter mature.

·If the person who procures the signature of a surety to
a note falsely represents that he will use it in renewal
of a pre-existing note on which the parties are bound, and
then, instead of doing so, discounts the note and appropri-
ates the proceeds, this is certainly a fraudulent and wrong-
ful act.

But we cannot perceive that in such a case any repre-
sentation has been made as to any past or existing fact.
The statement made of necessity relates to the future; it
is essentially a promise.

The precise question was decided by the Kentucky court of appeals in the well-considered case of *Commonwealth v. Warren* (1893), 94 Ky., 615, 23 S. W., 193, 15 Ky. Law Rep., 249.

The Kentucky statute provides that: "If any person, by any false pretense, statement, or token, with intention to commit a fraud, obtain from another money, property, or other thing which may be the subject of larceny, or if he obtain by any false pretense, statement, or token, with like intention, the signature of another to a writing, the false making whereof would be forgery, he shall be confined in the penitentiary not less than one nor more than five years." Gen. St., chapter 29, article 13, section 2.

The indictment set out the facts as to the previous notes in more detail than does the indictment herein, and charges, in substance, that the defendant Warren had induced the surety Lee to sign a certain note and "did then and there falsely represent and pretend to the said A. Lee that the said note so drawn up and signed by the said William Warren was a renewal of the former notes aforesaid, and by said false and fraudulent representations so made did obtain the signature of the said A. Lee as security to said note." It was further alleged that Warren then used the note to satisfy other notes which he owed the bank, etc.

Sustaining a demurrer to the indictment, the court of appeals said, 94 Ky. at page 619, 23 S. W., at page 194 (15 Ky. Law Rep., 249):

"It is apparent that the appellee obtained the signature of his friend to the new note by the promise that it would be used in renewal of the old ones upon which he was bound at the bank.

State v. Higgins.

"The language of the pretense, as laid in the indictment, that the note 'was a renewal of the former notes,' can intelligently mean nothing else than that it was intended to be used as such renewal note. Of course a note cannot be a renewal of another note until it is signed by the obligor and delivered to the obligee, and by him accepted as such renewal.

"The plain meaning of the charge in the indictment is that, after Lee should sign it, the note was to be delivered in renewal of the old notes, but that the appellee violated his promise and used it otherwise.

"This is not a violation of the statute, as has been repeatedly held by this court."

In the present case the State has referred us to no authority sustaining its contentions.

We are of opinion, both on principle and on authority, that the trial judge acted correctly in sustaining the motion to quash, and the judgment is affirmed.