## Commonwealth of Pennsylvania *v.* C. C. Dougherty, Appellant.

*Criminal law—False pretense—Evidence.*

In the trial of an indictment for false pretense, evidence that the defendant entered into a contract leasing certain floor space in an armory for a trade exhibition and obtained money therefor, whereas no exposition was ever held, and the defendant never had any right to lease the space, is sufficient to support a conviction.

Such misrepresentation as will amount to false pretense, within the meaning of the statute, is not confined to mere oral misstatements of fact. The distribution of printed matter, or a course of conduct, manifestly intended to deceive as to conditions actually existing, may be such as to warrant a conviction.

Argued November 13, 1924. Appeal, No. 153, Oct. T., 1924, by defendant, from judgment of Municipal Court of Philadelphia, June T., 1922, No. 819, on verdict of guilty, in the case of Commonwealth of Pennsylvania v. C. C. Dougherty. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Indictment for false pretense. Before BONNIWELL, J.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty upon which judgment of sentence was passed. Defendant appealed.

*Errors assigned* were various rulings on evidence, the charge of the court, and refusal to direct a verdict in favor of the defendant.

*B. D. Oliensis,* for appellant.

*James W. Tracey, Jr.,* Assistant District Attorney, and with him *Samuel P. Rotan,* District Attorney, for appellee.

OPINION BY PORTER, J., February 27, 1925:

The defendant was convicted at the trial in the court below upon an indictment charging obtaining money by false pretense, and appeals from said judgment. It was at the trial undisputed that the defendant had entered into a written contract leasing to the Brandle & Smith Co., a corporation, certain floor space in the First Regiment Armory, Broad and Callowhill Sts., for the term of one week, during the continuance of the "Philadelphia Confectionery's Spplies and Accessories Exposition." The written contract of leasing contained a diagram of the floor space of the Armory building, showing the manner in which it was to be subdivided into aisles and exhibition compartments with a price list of the several compartments, and designated the space which was leased to the prosecutor as "No. B-12," the rental of which was $225, which price the prosecutor had paid to the defendant. No exposition was held at the Armory building at the time designated, nor had the defendant, at the time the contract was made, nor subsequently, acquired any right to lease space in the building, during the time designated by the contract, nor at any other time. The defendant held himself out as representing an organization named the "Exposition Service Committee of Philadelphia." The indictment charged that the defendant "did falsely and designedly pretend......that the Exposition Service Committee of Philadelphia had duly contracted for and had acquired the right to, and had duly arranged and leased floor space in the First Regiment Armory at Broad and Callowhill Sts., in Philadelphia, for the purpose of giving and holding therein an exhibition of confectionery......That said Exposi-

tion Service Committee then had full power, authority and right to arrange and to lease to proposed exhibitors at said exposition, exhibition floor space in said Armory on the days aforesaid......Whereas, in truth and in fact, the said Exposition Service Committee had not duly contracted for and had not acquired the right to and had not duly arranged or leased floor space in the said First Regiment Armory,......for the purpose of giving and holding therein the said exhibition," etc.

The learned counsel representing the defendant has very ably contended that the evidence submitted in support of the indictment was not sufficient to warrant a finding that the defendant had made any false representation as to an existing fact. The lease to the prosecutor was upon a printed form, and was for a specific space in an existing building, to be enjoyed, it is true, in the future. There was printed upon the form the usual boastful announcements of the benefits which would accrue to exhibitors, such as "Now is the time for manufacturers and jobbers to order their exhibition space." "Now is the time for retailers to place their orders for tickets to distribute among their customers," etc. The whole tenor of the instrument was such as to lead those who read it to believe that not only was an exhibition to be held, but that the promoters thereof had acquired the present right to lease space in the building to be occupied by exhibitors during the exposition and to furnish tickets which would entitle the holders thereof to admission to the building during the period in question. Such misrepresentation as will amount to false pretense, within the meaning of the statute, is not confined to mere oral misstatements of fact. The distribution of printed matter, or a course of conduct, manifestly intended to deceive as to conditions actually existing, may be such as to warrant a conviction. The jury may be warranted in finding, in such circumstances, that it was the intention of a defendant to lead his victim to believe in the present existence of a fact and thus induce him

to part with his money, although the defendant may not have expressly asserted the truth of what it was his intention that the prosecutor should believe. The evidence in the present case was such as to warrant a finding that the defendant, with the intention of inducing the prosecutor to part with its money, intentionally led the prosecutor to believe that he, the defendant, had the present right to lease space in the Armory building. If a man, in January, executes a formal instrument in writing leasing to another a house for one year from the first day of the following May, and accepts payment in full of rent in advance, when he has no interest whatever in or title to the building, he may or may not be guilty of the offense of false pretense, but it cannot be said, as matter of law, that he cannot under any circumstances be guilty of that offense. The request of the defendant for binding instructions was properly refused.

If the defendant had obtained the money of the prosecutor by false pretense that he had the present right to lease space in the Armory building, to be occupied in the future, he could not condone that offense by evidence tending to establish that he had consulted his attorney as to his right, under the provisions of his written contract, to hold an exposition in a hall in some other part of the city, nor by showing that, in his opinion, the benefits to be derived from the exposition would be equally great if the exposition were held in some other part of the city. The defendant was called as a witness in his own behalf and his evidence established that he never did have the right to lease space in the First Regiment Armory building, and that his reason for not holding the exposition in that building was that the rental thereof would have been $4,500, and that the space which he had succeeded in selling to subscribers was less than that amount. The assignments of error are dismissed.

The judgment is affirmed and the record is remitted to the court below, and it is ordered that the appellant appear in the court below at such time as he may be

there called and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed at the time the appeal in this case was made a supersedeas.