HINMAN *v.* STATE.

(Division A.   Oct. 11, 1937.)

[176 So. 264.   No. 32827.]

**T. J. Barnett,** of Carthage, for appellant.

504

**W. D. Conn, Jr.,** Assistant Attorney-General, for the state.

**McGowen, J.**, delivered the opinion of the court.

Appellant having been convicted in the lower court of obtaining money under false pretenses and sentenced to serve a term of one year in the state penitentiary prosecutes an appeal here.

The facts necessary to state are substantially as follows: Some time prior to April 1, 1936, Hinman had operated a business known as the Carthage Creamery Company at Carthage, Miss., but the business had been finan-

cially unsuccessful and had terminated. About April 1st he received a check drawn by the David Spruks Company of Scranton, Pa., on the Third National Bank of that city, dated March 30, 1936, for $304. On April 2d, he mailed this check, indorsed Carthage Creamery Company, Carthage, Miss., to a bank at Kosciusko, Miss., with which he had not previously done business, with a request that it be deposited to the credit of the Carthage Creamery Company. The bank promptly acknowledged receipt of the check. Later the Kosciusko bank was notified that the check had been intended for the Carthage Creamery Company of Carthage, Mo., and was called upon to make its indorsement good. Before this time, however, on April 21st, Hinman had called at the Kosciusko bank and drawn a check payable to the order of Cash for the full amount, and signed the check Carthage Creamery Company by H. P. Hinman, and received the cash. The bank sent its attorney to call upon Hinman to refund the money, which he could not do because of his poverty, having in hand only $125 of the proceeds of the check. This attorney testified for the State that appellant admitted to him that at the time he cashed the check he knew that it did not belong to him, and that the drawer of the check did not owe him anything. He stated as a witness that he put the check through the bank in order to see whether it belonged to him or not; that he had received other checks but did not state their source, what became of them, or to what use they were appropriated. He also stated that he bought the Carthage creamery business "as was," assuming the liabilities and taking over its assets. He denied making the admissions to the bank's attorney to which we have above referred. On this issue of fact the case was submitted to the jury.

It is insisted on appeal that the facts here do not show an intent to defraud. The jury believed the attorney's statement that Hinman admitted that he knew when he deposited the check with the bank that it did not be-

long to him, and that the maker thereof did not owe him any money, and that he afterwards presented his check to the bank and received the money therefrom. When Hinman indorsed the check in blank and inclosed it with a letter to the bank he thereby represented to the bank that he had a right to the proceeds thereof. He did not say so in so many words, but his indorsement of the check and his withdrawal of the proceeds led the bank to believe that he was the owner of such property.

"Where a man assumes the name of another to whom money is required to be paid, this is a pretense within the meaning of the act." Wharton Crim. Law, vol. 2, section 1412, p. 1706. As sustaining the principle that one may by conduct be guilty of making a false pretense see Commonwealth v. Harper, 195 Ky. 843, 243 S. W. 1053; Commonwealth v. Dougherty, 84 Pa. Super. 319; and Stecher v. State, 168 Wis. 183, 169 N. W. 287; 25 C. J., p. 610.

We find no reversible error in this record.

Affirmed.

**McGehee, J.**, did not participate in the decision of this case.