# FULLER *v.* STATE.

May 17, 1954

No. 39175          65 Adv. S. 8          72 So. 2d 454

*W. C. Sweat, Jr.,* Corinth, for appellant.

*Joe T. Patterson,* Asst. Atty. Gen., Jackson, for appellee.

HOLMES, J.

The appellant, Paul Fuller, was jointly indicted with Howard Hughes in the Circuit Court of Alcorn County on a charge of obtaining by false pretenses three gallons of white paint, two gallons of shellac, two quarts of solox and a paint brush, of the total value of $30.10, from the Corinth Planing Mill Company. The indictment charged

that they obtained the property by falsely representing that they were employees of Bobby Liddon, and that the said Bobby Liddon had authorized them to purchase the paint supplies and charge the same to his account. The defendants were tried together and convicted, and each was sentenced to one year in the State penitentiary. The appellant Fuller appeals from the judgment of conviction.

The State's proof, which the jury accepted, showed the following: About five o'clock on the afternoon of July 8, 1953, the defendants came to the place of business of the Corinth Planing Mill Company and told one of the salesmen for the company that they were doing some painting for Bobby Liddon and wanted to buy some paint and wanted it charged to the said Liddon. They were not painting for Liddon and were not authorized by him to buy the paint and charge it to his account. After some conversation between the defendants as to the quantity of paint wanted and as to the question of obtaining a discount on the purchase, the salesman, on the faith of the representation made, sold them the paint and brush and charged the same to Liddon, and made out a sales slip showing the paint and brush to be charged to Liddon, and Hughes signed the sales slip. The defendants then left with the paint supplies and got in a waiting taxi and drove immediately to the place of business of W. O. Hathcock, Jr., from whom they borrowed $11.00 and left the paint supplies as security for the loan.

The appellant contends (1) that the trial court erred in overruling his motion for a directed verdict, and (2) that there was a variance between the indictment and proof which entitled the defendants to an acquittal, and (3) that even if the proof be sufficient to sustain the conviction of Hughes, the evidence is insufficient to show participation by the appellant in the commission of the offense.

■■ The proof, in our opinion, is amply sufficient to sustain the conviction of both defendants. A false pretense may be made either expressly or by implication. In 35 C. J. S., Sec. 12, p. 650, we find the following: ". . . ■■ a false assertion that one has the ability to secure a position for another is a false pretense, as in a false assertion that one is the servant, representative, or agent of another, implying as it does that he has power to act for another." Again in 35 C. J. S., Sec. 17, p. 654, we find the following: ■■ "A false pretense may consist in any act, word, symbol, or doctrine calculated and intended to deceive. It may be made either expressly or by implication."

■■ When the defendants represented that they were working for Liddon and that they wanted the paint charged to Liddon, they, by implication, represented that as the employees of Liddon they were getting the paint for Liddon's job and were authorized to have the paint charged to Liddon. They did not in so many words say that they were so authorized, but the implication of such authority clearly arises from the acts and conduct of the defendants. In the case of Hinman v. State, 179 Miss. 503, 176 So. 264, the defendant was convicted of obtaining money under false pretenses. He had operated a business known as the Carthage Creamery Company at Carthage, Mississippi. The business was unsuccessful and had terminated. He thereafter received a check drawn by the David Spruks Company of Scranton, Pennsylvania, on the Third National Bank of that city, payable to the Carthage Creamery Company. He endorsed this check, "Carthage Creamery Company, Carthage, Mississippi," and mailed it to a bank in Kosciusko with which he had not theretofore done business and directed that it be deposited to his account. He later withdrew by check the entire amount of the funds from the bank. It developed that the check was intended for the Carthage Creamery Company, Carthage,

Missouri, and that the defendant knew that it was not intended for him. The Court said in affirming the conviction: "When Hinman endorsed the check in blank and enclosed it with a letter to the bank, he thereby represented to the bank that he had a right to the proceeds thereof. He did not say so in so many words but his endorsement of the check and his withdrawal of the proceeds led the bank to believe that he was the owner of such property."

By analogy, Hughes and Fuller did not represent in so many words that they were authorized to have the paint charged to Liddon, but when they represented that they were working for Liddon and wanted the paint charged to Liddon, they, by implication, represented that they were authorized by Liddon to so have the paint charged. The fraudulent purpose of Fuller and Hughes is manifest from the State's proof that when they got the paint, both of them carried it to the taxi and drove immediately to the place of business of W. O. Hathcock, Jr., and deposited the paint with him as security for a loan of $11.00. It is apparent from this that it was their purpose to so use the paint when they procured it.

The appellant further contends that there was a variance between the indictment and the proof. As a basis for this contention, he argues that while the indictment charged that the defendants obtained the property by false pretenses, the proof failed to show that as a result of the false representations, the defendants acquired title to and ownership of the property, and that, therefore, the defendants were not guilty of obtaining property under false pretenses within the meaning of Section 2149 of the Mississippi Code of 1942. The appellant relies upon the case of Courtney, et al. v. State, 174 Miss. 147, 164 So. 227, holding that the word "obtain" as used in the statute means the acquisition of title or ownership thereto and does not include mere acquisition of possession. Appellant argues that because the property was charged to Liddon, the title and owner-

ship thereof passed to Liddon. ▉ We are of the opinion that this argument of the appellant is not well founded. When the paint was delivered to Hughes and Fuller and charged to Liddon, the Corinth Planing Mill Company parted not only with the possession of the property but transferred to the defendants the title to the property on the credit of Liddon. We are, therefore, of the opinion that there is no sound basis for the contention that the defendants Fuller and Hughes did not acquire title to and ownership of the property.

It is further contended by the appellant that even if the proof be sufficient to establish the guilt of Hughes, it is insufficient to show participation in the commission of the offense by the appellant Fuller. Section 1995 of the Mississippi Code of 1942 provides: "Every person who shall be an accessory to any felony before the fact shall be deemed and considered a principal and shall be indicted and punished as such; and this whether the principal shall have been previously convicted or not." Fuller's participation in the transaction here under review is clearly shown by the evidence. He and Hughes came to the store together. While Hughes did most of the talking, Fuller also did some of it. Fuller was present when it was made known to the salesman that they wanted the paint and the kind and quantity of paint. He was present when the representation was made that they were working for Liddon, and when Hughes told the salesman to charge the paint to Liddon. Fuller and Hughes both carried the paint from the shop to the waiting taxi and drove off with it. Fuller was with Hughes when he borrowed $11.00 from Hathcock and deposited the paint with Hathcock as security. It taxes one's credulity to say that Fuller was not fully cognizant of what was being done and of the purposes for which the paint was being obtained and of the representations made with respect thereto. If he was not acting jointly with Hughes, he was aiding and abetting the commission of the offense. It is our view that the

state's proof was amply sufficient to warrant the jury in believing beyond a reasonable doubt that Fuller and Hughes were acting jointly as perpetrators in the commission of the offense charged.

It is accordingly our conclusion that the judgment of conviction should be, and it is, affirmed.

Affirmed.

*McGehee, C. J., and Hall, Lee, and Kyle, JJ.,* concur.