Shirley PALMER, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

March 17, 1972.

Rehearing Denied May 26, 1972.

Buford A. Short, Rose & Short, Beattyville, for appellant.

John B. Breckinridge, Atty. Gen., Douglas E. Johnson, Asst. Atty. Gen., Frankfort, for appellee.

OSBORNE, Judge.

Appellant was convicted in the Lee Circuit Court of obtaining property by false pretenses in violation of KRS 434.050 and sentenced to one year in the penitentiary. KRS 434.050 reads as follows:

"(1) Any person who, by any false pretense, statement or token, with intent to commit a fraud, obtains from another money, property or other thing which may be the subject of larceny, or who obtains by any false pretense, statement or token, with like intention, the signature of another to a writing, the false making of which would be forgery, shall be confined in the penitentiary for not less than one nor more than five years."

It is the contention of appellant on this appeal that the evidence against her was insufficient to support the judgment. We are of the opinion that the facts as disclosed by the evidence do not clearly

show a violation of the statute and, therefore, the judgment should be reversed.

The facts of the case are as follows: In November of 1970 appellant, her husband, and four infant children lived in Breathitt County, Kentucky. They were regularly receiving food stamps from the Department of Economic Security, Bureau of Public Assistance, upon an application made by appellant's husband, Richard Palmer. Sometime in the month of November 1970 the family moved to Lee County. They received their regular allocation of food stamps for the months of December, January and February. These stamps were procured by Richard Palmer. Sometime in February Richard Palmer went to Lexington to seek employment leaving little if anything for the family to subsist on in his absence and taking with him the food stamps which had been issued for the use of the entire family. As shown from the application made out by appellant on March 12, 1971, she made application to the Department's Lee County office for $126 worth of stamps, which was granted. In this application she listed herself and four children as the recipients of the stamps and stated that her husband was in Lexington looking for work because he had been let off from his last job for a month. On the basis of this application, appellant was awarded stamps for the month of March, when, as a matter of fact, her husband had already received the allocation for the family for this month. Sometime shortly after the 20th day of March her husband returned from Lexington, at which time he had $90 worth of the family's stamps still in his possession. It is insisted by the Commonwealth that appellant violated the spirit of the above statute when she made application for the stamps at a time when she knew the family allocation had already been drawn. To make the matter more specific, the contention is that in her application filed in Lee County she was asked if she had applied for food stamps in any other county, to which she answered in the negative. They

insist that even though her answer may have been technically right in that she had not personally made the application in Breathitt County, it was, as a matter of fact, false.

There is no evidence in the record that either appellant or her husband used the stamps obtained for any purpose other than the purchasing and supplying of food for the family.

We have previously held "where one intentionally creates a belief as to an existing fact which is false, and with the intent to defraud another of his property, and does so, it cannot matter whether the erroneous belief was induced by words or acts, or both . . . . " See Commonwealth v. Harper, 195 Ky. 843, 243 S.W. 1053 (1922).

This court in the past has relied on inferences to establish the elements necessary to sustain a conviction for false pretenses. See Davidson v. Commonwealth, Ky., 436 S.W.2d 495 (1969); Braswell v. Commonwealth, Ky., 339 S.W.2d 637 (1960). We have no doubt but what the evidence in this case would have been sufficient to sustain the conviction had it been shown that the stamps received were used for any purpose other than that contemplated by the rules and regulations of the Department of Economic Security; viz., had the stamps been sold or traded for items other than food a fraud would have been perpetrated upon the Department. There was no showing that there was any misuse, therefore, we assume that they were used to purchase food for the persons named in the application, including the four infant children.

■ It is generally held that violation of public relief and welfare statutes may be criminally punished. See 92 A.L.R.2d 421, Anno., *Welfare payments—Criminal liability.* However, in order for one to be convicted of obtaining property by false pretenses it must be shown that something was *obtained* to which the defendant would

not otherwise be entitled. In the case before us the defendant and her family had been on the food stamp program since 1968. During this time they received the stamps regularly on a monthly basis. There was no showing that anything had occurred that would disqualify them from participating in this program. Therefore, the fact that they received more stamps for the month of March 1971 than they were entitled to does not establish an intent to commit a fraud in view of the fact that they had a continuing eligibility and the allotment for April or May could have been reduced to bring the allowance within legal limits.

Judgment reversed.

PALMORE, MILLIKEN and REED, JJ., concur.

STEINFELD, C. J., and EDWARD P. HILL and NEIKIRK, JJ., dissent.