### DUNBAR *v.* STATE.

[94 South. 224.  No. 23030.]

FALSE PRETENSES.  *Testimony held not to sustain allegations of indictment.*

When one is indicted for obtaining money by false pretenses under section 1166, Code of 1906 (Hemingway's Code, section 893), the testimony must sustain the allegations of the indictment. Where the testimony shows no crime of this character, the defendant should be discharged.

APPEAL from circuit court of Forrest county.

HON. R. S. HALL, Judge.

George Dunbar was convicted of obtaining money by false pretenses, and he appeals. Reversed, and appellant discharged.

*C. E. Hill,* of counsel for appellant.

We submit, that the state failed to prove the allegations of the indictment in the following respects: Appellant did · not make the representations as charged—they were made by the other negro; appellant did not find the pocketbook, as alleged, but same was found by the other negro; the money was not obtained by him; there was to be no equal division of the money, but same was to be divided in four parts; there is not a word of testimony from Minor that any representation was made to him that several hundred dollars had been found, either by appellant or by the other negro, but on the contrary his testimony is that the other negro never at any time, claimed to have found but three dollars, and finally, the the entire transaction was completed on the same day, the parties going to the bank for the purpose of cashing Minor's check, whereas the indictment averred that the banks were closed, and because of this fact appellant obtained seventy-five dollars from Miner on the promise to divide the money in the pocketbook the

next morning when they could get to the bank and have the bills changed. The scheme alleged in the indictment is, therefore, not substantiated by the testimony of the state's witnesses, and this court has several times held that the proof must conform to the allegations of the indictment. *Carter* v. *State,* 82 So. 146; 19 Cyc., pages 438-439. It is manifest that Minor did not part with his money in the hope, and on the promise of getting half of several hundred dollars, as alleged; he was to get one-fourth of three dollars, according to his own testimony, which would have been seventy-five cents and therefore the conviction cannot stand, the false token not having been proved as laid in the indictment. Neither is it true that the bills in the pocketbook could not be changed because the banks were closed, for the banks were wide open and Minor had no difficulty in having his check cashed that very day. What the inducement was that caused Minor to deliver his money does not appear, nor is it important here. The point is that the proof does not sustain the allegations of the indictment.

There was also a fatal variance in the proof in that the third negro obtained the seventy-five dollars. This court has held that the state must prove that the money, or some part thereof, should have been obtained by the accused or for him. *Bracey* v. *State,* 64 Miss. 26, 8 So. 165.

*D. C. Enochs,* assistant attorney-general, for the state.

The demurrer says that the indictment fails to charge that the pretended finding of the pocketbook was the cause of Minor parting with his seventy-five dollars to the appellant; but the indictment charges that it was "by color and means of which false pretense" that appellant obtained the seventy-five dollars from Minor. It is true the indictment does not charge that Minor relied upon the representation in so many words, but it does charge that it was by means of the representation that the money of Minor was obtained, which is the same thing, and is sufficient. *State* v. *Dodenhoff,* 88 Miss. 277.

The demurrer says that the indictment fails to charge that the defendant "feloniously" intended to cheat and defraud Albert Minor. The indictment says "devising and intending to cheat and defraud Albert Minor did then and there designedly, falsely and feloniously pretend to the said Albert Minor," etc. There is no merit in this contention, and a case in point is that of *State* v. *Turley*, 142 Mo. 403, 44 S. W. 267, wherein it is said: "The indictment is founded on section 3564, Revised Statutes 1889, which provides that 'every person who, with intent to cheat or defraud another, shall designedly, by any false token or writing, or by any false pretense, . . . obtain from any person any money, personal property, right in action or other valuable thing or effect whatsoever, . . . shall be punished in the same manner and to the same extent as for feloniously stealing the money, property or thing so obtained.' "

The first question presented for determination is with respect to the sufficiency of the indictment, which is questioned upon several grounds. The first is that it does not allege that the defendant feloniously intended to cheat and defraud the Springfield Stove Works. The indictment alleged that the defendant, 'contriving, designing, and intending to cheat and defraud the Springfield Stove Works, a corporation, . . . did then and there unlawfully, designedly, feloniously and falsely represent, pretend and state,' etc. It then proceeds to allege what the fraudulent representations, statements, and pretenses were, and in so doing, the pleader followed the form laid down by Killey in such cases in his work on Criminal Law and Practice (page 473), which, in so far as we are advised, has never been questioned. Substantially the same form is given in McLain, Criminal Law, sec. 711. The gravamen of the offense was feloniously obtaining goods by false and fraudulent representations and statements, and these facts the indictment sufficiently avers."

(2) The appellant complains that the trial court erred in granting the two instructions for the state, but this is

on the idea that he was entitled to a peremptory instruction.

(3)   The appellant complains that the trial court erred in modifying the fourth instruction requested by him, which will be found at the bottom of page 7 of the record. By this instruction as originally presented to the court the jury was instructed that they could not convict the appellant unless he himself obtained the money. This was a misleading statement, because the appellant could not be guilty if another received the money by the participation of the appellant, and the court modified the instruction accordingly.

SYKES, P. J., delivered the opinion of the court.

The appellant was convicted in the circuit court of obtaining money by false pretenses from one Albert Minor. The indictment and prosecution is based upon section 1166, Code of 1906 (Hemingway's Code, section 893).

The gist of the indictment is that the defendant falsely and feloniously pretended to Albert Minor that he had found a pocketbook containing several hundred dollars; that, owing to the fact that the banks were closed and he was unable to get the bills changed, he requested and prevailed upon Minor to let him have seventy-five dollars until the next morning, when he would get the bills changed and divide the money with Minor; that in truth and in fact he did not find any pocketbook with money in it; and that all of this was a sham and a fraud practiced upon Minor in order to obtain his seventy-five dollars.

It is unnecessary to set out in detail all of the averments of the indictment; neither is it necessary to notice all of the assignments of error, as the case will be reversed and the appellant discharged because the testimony in the case fails to show the crime charged in the indictment.

Albert Minor, the party alleged to have been defrauded, was the principal witness for the state. His testimony is absoluteley foolish and unintelligible. It is to the effect

that, while he was talking to the defendant, another man across the street picked up a pocketbook, and came to where they were talking; that he claimed there were only three dollars in the book; that the three of them had some talk about it, and subsequently went to a bank, where Minor had on deposit some money. Minor then drew seventy-five dollars from the bank, and these three men went to his house, when Minor for some unknown reason turned over the seventy-five dollars, not to this defendant, but to the other party. As to why he gave this man the seventy-five dollars is not shown in this testimony. He does not testify that either one of these men made any false representations to him which caused him to turn over the money to the third party.

The able assistant attorney-general who briefed the case on behalf of the state has correctly stated the effect of this testimony as follows:

"The testimony of Minor, the injured negro, as shown by the stenographer's notes in this case, is about the most senseless testimony I have ever read. If the grand jury had evidence before it to support the allegations of the indictment, it was not produced on the trial of the case in the court below, to my way of thinking."

Since the testimony does not sustain the allegations of the indictment, and in fact does not show the commission of the crime therein charged, the case must be reversed, and the appellant discharged.

*Reversed, and appellant discharged.*