# McLin v. State.*

(Division A.   April 9, 1928.)

[116 So. 533.   No. 26970.]

*Corpus Juris-Cyc. References: Burglary, 9CJ, p. 1075, n. 13; Criminal Law, 16CJ, p. 586, n. 98; p. 595, n. 11; Larceny, 36CJ, p. 899, n. 34; As to evidence of other crimes in prosecution for burglary, see annotation in 62 L. R. A., pp. 236, 285, 317, 334; 4 R. C. L. 442.  As to whether procuring or providing instrumentalities adapted to commission of crime with intent to commit the same, as attempt to commit the crime, see annotation in 6 L. R. A. (N. S.) 804; 4 R. C. L. 429.

*John W. Crisler* and *Chas. W. Crisler,* for appellant.

*Rufus Creekmore,* Assistant Attorney-General, for the state.

Argued orally by *Jno. W. Crisler,* for appellant, and *Rufus Creekmore,* for the state.

Cook, J. The appellant, Thomas McLin, was convicted in the circuit court of Coahoma county on a charge of burglary and larceny, and was sentenced to the state penitentiary for a term of five years, and from this conviction and sentence he prosecuted this appeal.

The conviction of the appellant, who is about eighteen years of age, is based upon the testimony of two accomplices about seventeen years of age. The testimony of these accomplices, if believed, amply warrants the verdict. They testified that while the appellant did not actually enter the storehouse that was burglarized, he first suggested the burglary and planned all the details thereof, and supplied the automobile in which the stolen goods were hauled away from the place where they hid them outside of the store, and that he received a portion of the stolen goods and actually assisted in hauling them away and secreting them.

Over the objection of the appellant, these witnesses were permitted to testify that at the time the burglary was planned, as well as previously, the appellant stated to them that he had previously blown a safe in the city of Jackson and easily got away with it, and that he had committed numerous burglaries in the city of Jackson and had been able to get away with them and stay on the good side of the officers of the law.

The appellant denied that he had anything to do with planning the burglary, or that he knew anything of it until the three perpetrators asked him to assist them in hauling the stolen goods and secreting them. His defense was based on the theory that he was acting in conjunction with the police officers of the city of Clarksdale in an effort to detect crime, and particularly to detect the perpetrators of a series of burglaries that had occurred in that city. There was some testimony tending to substantiate this theory.

The appellant assigns as error the action of the court below in permitting the introduction in evidence of the

statements or admissions of the appellant that he had committed numerous other crimes wholly disconnected from the crime for which he was on trial. We are of the opinion that this testimony was inadmissible and highly prejudicial. The general rule is that, in a prosecution for crime, the evidence must be confined to the issue, and evidence which shows or tends to show the commission, by the accused, of separate and distinct crimes, is not admissible. To this rule there are certain well-established exceptions; but this record does not bring the case within such exceptions.

It is also assigned as error that on cross-examination of the appellant the state was permitted to show that he had at one time been committed to the Mississippi Industrial Training School. Without now deciding whether the admission of this testimony was reversible error, we think the cross-examination of the appellant should have been confined to the limits prescribed by section 1920, Code 1906 (section 1653, Hemingway's 1927 Code), which provides that the credibility of any witness may be impeached by showing that such witness has been convicted of crime. For the error above indicated, the judgment of the court below will be reversed and the cause remanded.

*Reversed and remanded.*