LEE *v.* STATE

No. 42374 November 19, 1962 146 So. 2d 736

*Ross & Ross,* Clarksdale, for appellant.

*G. Garland Lyell, Jr.,* Asst. Atty. Gen., Jackson, for appellee.

RODGERS, J.

Appellant, Robert Erron Lee, was indicted by a grand jury of Coahoma County, Mississippi, in January 1962 for the crime of false pretense, as defined by Sec. 2149, Miss. Code 1942, Rec. He was convicted and sentenced to serve a term of twelve months in the county jail. He complains, on appeal to this Court, that the trial court permitted the following reversible errors in the trial of his case: (1) The court's failure to peremptorily instruct the jury to find defendant not guilty was error because the State did not prove beyond a reasonable doubt that defendant intended to cheat or defraud the prosecuting witnesses or that he made any false representation to them in order to obtain their signatures. (2) The court erroneously permitted the State to introduce evidence to impeach the acknowledgment on the warranty deed set out as part of the charge in the indictment.

The record in this case discloses that the charge against defendant, Robert Erron Lee, grew out of the following circumstances: John and Sadie Isaac, an elderly Negro couple, apparently illiterate, own a home in Clarksdale, Mississippi. The Coahoma Bank held a trust deed on their home for $160, and John Isaac advised Robert Erron Lee that he wanted to repair the home and pay the loan to the bank, and needed to borrow five hundred dollars. Defendant told John Issac that he could arrange a loan for him with a Mr. F. E. Cocke. It appears that defendant was lending money for Mr. Cocke, and was at that time making collections of money previously loaned for Mr. Cocke, and could let the Isaacs have the loan out of the money collected for Mr. Cocke. Defendant prepared a trust deed making a

lien upon the home of the Isaacs, and John Isaac signed the trust deed and it was then taken to the home of Sadie Isaac. She was sick in bed, but with the aid of defendant she signed the trust deed, and defendant turned over to the old couple a sum of money. The evidence is in conflict as to the amount first delivered. Defendant went to the home of the Isaacs at a later date and carried an additional sum of money. The last time defendant went to the home of the Isaacs, he had them to sign a warranty deed to their home, deeding their property to defendant, Robert Erron Lee. It is admitted that the Isaacs did not appear before the notary public to acknowledge the trust deed, nor the warranty deed, but these papers were taken to the notary public by defendant. At the time the warranty deed was signed, defendant lacked $100 paying the Isaacs the $500 he had promised to lend them. For some time after the last transaction, the balance of this loan was not forthcoming, and John Isaac became disturbed and anxious about his loan. He sought advice from Hon. Thomas Pearson, an attorney. The attorney made an examination of the land records of Coahoma County and discovered that the Isaacs had made a deed to defendant. He then called upon defendant to ascertain his position in the matter and was advised by defendant that he would make a deed to the Isaacs and that he did not claim any interest in their home; also defendant said: "Mr. Pearson, I just picked up the wrong paper, I'm willing to straighten this matter out. I will do whatever you say about it." The attorney let the Issacs have sufficient money to pay off the loan due Mr. Cocke, and the defendant made a deed reconveying to the Isaacs the property involved. Defendant claimed that John Isaac wanted to sell his home and gave him the warranty deed so that he could sell the property for him. There is no testimony in the record that Robert Erron Lee made any verbal representations to the Issacs before

or at the time they signed the warranty deed, in order to obtain their signatures to the warranty deed.

Attorneys for defendant argue that the State had the burden to prove beyond a reasonable doubt in the court below that defendant made some false pretense, in order to meet the requirement of Sec. 2149, Miss. Code 1942, Rec., and in order to show false pretense, it was necessary for the State to show a felonious intent on the part of defendant to cheat and defraud the Isaacs out of their property. They cite Pittman v. State, 101 Miss. 553, 58 So. 532; Dunbar v. State, 130 Miss. 317, 94 So. 224; Lee v. State, 138 Miss. 705, 103 So. 366; King v. State, 124 Miss. 477, 86 So. 874; 22 Am. Jur., False Pretenses, Sec. 23, p. 456, Sec. 37, p. 465. ██ █ The Attorney General in his brief admits, and we agree, that the foregoing argument is sound and is the rule expressed in the authorities cited.

In order to meet the requirement of the statute to show criminal intent, it is, however, not necessary to show that false pretense was made by words alone. Sec. 2149, supra. ██ █ The general rule is that, acts or conduct may constitute a false pretense within the meaning of the statutes. Hence, under some circumstances, a prosecution for false pretense may be based upon concealment. 22 Am. Jur., False Pretenses, Sec. 18, p. 455.

In the case of Fuller v. State, 221 Miss. 247, 72 So. 2d 454, this Court quoted from 35 C. J. S., False Pretenses, Sec. 17, p. 825, as follows: ''A false pretense may consist in any act, word, symbol, or token calculated and intended to deceive. It may be made either expressly or by implication.'' See also Hinman v. State, 179 Miss. 503, 176 So. 264; Heard v. State, 177 Miss. 661, 171 So. 775; 35 C.J.S., False Pretenses, Secs. 18-20, pp. 826-7.

██ █ Under the common law, proof of criminal intent is a necessary element in the prosecution of every criminal case, (except those offenses which are merely

malum prohibitum.) 14 Am. Jur., Criminal Law, Sec. 23, p. 782, Sec. 24, p. 784; City of Jackson v. Gordon, 119 Miss. 325, 80 So. 785.

██ However, criminal intent of a defendant, dwelling in his mind, invisible to the outward sight, can never be proven by direct testimony of a third person, (except when verbally expressed or admitted), and it need not be, because a person is presumed to intend that which he does, or which is the natural and necessary consequence of his act. Jeff v. The State, 39 Miss. 593; Barcus v. The State, 49 Miss. 17. ██ Moreover, the court and the jury are not bound by the evidence of the accused as to what his intention was in the doing of a particular act. 23 C. J. S., Criminal Law, Sec. 919, p. 641; Matthews v. State, 243 Miss. 568, 139 So. 2d 386; Woodward v. State, 180 Miss. 571, 177 So. 531, 178 So. 469.

██ We are of the opinion that the question — as to whether or not the acts of defendant, established beyond a reasonable doubt, the ''criminal intent'' of defendant to obtain the home of the Isaacs by false pretense — was a factual one for the jury and that it was properly submitted to them for their determination. We also believe that there is sufficient evidence in the record on which the jury could have reasonably based a verdict of guilty. 22 Am. Jur., False Pretenses, Sec. 19, p. 455.

Defendant next complains that the court erred in admitting evidence of a conspiracy on his part to obtain a forged acknowledgment. This objection grows out of the fact that the court permitted the Isaacs to testify that they did not appear before a notary public to acknowledge their signatures on the deed of trust and warranty deed. Viola Johnson, a secretary for John Melchor, the notary public, was permitted to testify for the State that the Isaacs did not acknowledge signing the instruments in her presence, and that she signed

the notary public's name and affixed his seal on the instruments at the request of defendant.

The argument of defendant's attorneys is to the effect that the indictment copied therein shows the acknowledgment to the warranty deed, and charges false pretenses; that it does not charge forgery, fraud, or misconduct in obtaining the acknowledgment, and the trial court committed reversible error in permitting proof of "collateral issues * * * not raised in the pleadings." In short, it is contended that evidence of the commission of another crime is not admissible in this case. This rule has been expressed in the following language: "It is a well established common law rule that in a criminal prosecution proof which shows or tends to show that the accused is guilty of the commission of other crimes and offenses at other times, even though they are of the same nature as the one charged in the indictment, is incompetent and inadmissible for the purpose of showing the commission of the particular crime charged, *unless the other offenses are connected with the offense for which he is on trial.*" (Emphasis supplied.) Hawkins v. State, 224 Miss. 309, 80 So. 2d 1, quoting from 20 Am. Jur., Evidence, par. 309, p. 287. See also 22A C. J. S., Criminal Law, Sec. 682, p. 729; Floyd v. State, 166 Miss. 15, 148 So. 226; Willoughby v. State, 154 Miss. 653, 122 So. 757; McLin v. State, 150 Miss. 159, 116 So. 533; Baygents v. State, 144 Miss. 442, 110 So. 114; English v. State, 206 Miss. 170, 39 So. 2d 876; Gunter v. State, 180 Miss. 769, 178 So. 472.

There are well defined exceptions to the foregoing rule and they are said to be founded on as much wisdom and justice as the rule itself, and to be as much recognized as the rule. In fact, it is contended that exceptions to the rule are not really such but are part of the rule itself. 22A C. J. S., Criminal Law, Sec. 683, p. 741. ██ █ Evidence of other crimes is admissible to prove identity of defendant; to prove scienter, or guilty or

criminal knowledge, with respect to the crime charged. Evidence of other crimes is also admissible to show criminal intent or purpose with respect to the offense charged, prove motive, to show a plan or system of criminal action where a continuing offense is charged, or where other crimes form a part of the res gestae. 22A C. J. S., Criminal Law, Secs. 683 through 689, pp. 741-791; 22A C. J. S., Criminal Law, Secs. 663-665, pp. 674-680; Clanton v. State, 137 So. 2d 180; Whittington v. State, 160 Miss. 705, 135 So. 190; Wilson v. State, 243 Miss. 859, 140 So. 2d 275.

■■ ■ It appears to us that the evidence introduced falls under the exception to the general rule and was admissible to show intent and criminal knowledge.

We are therefore of the opinion that the facts in this case presented a question for the jury as to whether or not defendant intended to obtain the home of the Isaacs by false pretense. We believe that the evidence with reference to the acknowledgment of the deeds was properly admitted, and for that reason judgment and sentence of the trial court is affirmed.

Affirmed.

*McGehee, C. J., Lee, P. J., and Gillespie and Jones, JJ.,* concur.