¶ 1. Larry McDougle was convicted of delivery of cocaine in the Circuit Court of Wayne County. He was sentenced to a term of thirty years to be served in the custody of the Mississippi Department of Corrections. On appeal, McDougle raises issues regarding voir dire, identification evidence, and the length of his sentence. We find each of these claims to be without merit and affirm.
 FACTS
¶ 2. On or about July 24, 1998, the Mississippi Bureau of Narcotics conducted an undercover "sting" operation. During this operation, Agent Womack and a confidential informant traveled to 2nd Street in Wayne County in order to buy drugs. On 2nd Street, they spotted a man and a woman. Womack drove up to them and asked, "Do you know where I can get a good thirty?" This was a reference to $30 worth of crack cocaine. The man said that he could give Womack a "twenty." The male then handed Womack a substance that was later identified as crack cocaine. When Womack attempted to hand the man a $20 bill, the man stepped back from the automobile and told the woman to take the money from Womack. The woman then stepped up to the vehicle, and Womack handed her the money.
¶ 3. Womack and the informant then met other agents at a "post-buy meeting" area. Agent Fisher showed Womack a picture of Larry McDougle and asked him if the man in the picture was the same man from whom he had received the cocaine. Womack stated that it was the same man.
 ANALYSIS
I. Voir Dire
¶ 4. During voir dire, the prosecutor asked the jury venire if any of them knew of McDougle in any way. In response, one juror stated that he was told that McDougle was involved in the robbery of convenience store. The trial judge then interrupted and reiterated to the jury that McDougle was not being tried for robbery. He then asked if any juror would not be able to disregard the comment regarding the alleged robbery. No juror responded, and the judge told the prosecutor to proceed. At this point, McDougle's attorney *Page 911 
moved for a mistrial, asserting that the juror's comment was unfairly prejudicial to McDougle's case. The judge denied the motion, and the trial was carried out.
¶ 5. McDougle claims that the juror's comment tainted the entire panel. It is his assertion that the trial judge erred in failing to strike the panel or grant a new trial. However, McDougle has failed to present evidence that he was prejudiced or that the jury was tainted by the juror's remark. The only evidence that he offers to show that the jury was tainted is the fact that after the comment was made, the judge took a moment to discuss it with the jury. The judge's actions here were certainly reasonable under the circumstances. He saw a potential problem, resolved it to his satisfaction, and resumed the trial. A trial court's decision that a jury is fair and impartial will not be disturbed unless it appears clear that it is erroneous. Odom v. State,355 So.2d 1381, 1383 (Miss. 1978). We find this claim to be without merit.
II. Photographic Identification Evidence
¶ 6. McDougle asserts that the situation in which Womack identified him as the perpetrator amounted to a suggestive identification procedure. As the State mentions in its brief, this matter was not raised contemporaneously during trial and is therefore procedurally barred from appeal. Brown v. State, 724 So.2d 480, 481 (Miss. Ct. App. 1998). Nevertheless, we will address the issue for the sake of clarity.
¶ 7. McDougle challenges the admissibility of the photographic identification evidence on two bases. The essence of the first argument is that his rights were violated because he was not represented by counsel at the time of the identification. In support of this argument, McDougle offers United States v. Wade, 388 U.S. 218 (1967), in which the Supreme Court stated that a defendant is entitled to have counsel present at a lineup. In Wade, the lineup was conducted over a month after the indictment was returned against the defendant. Id. at 220. The Mississippi Supreme Court long ago adopted the rule of Kirby v.Illinois, 406 U.S. 682 (1972), holding that the right to counsel does not apply to lineups conducted prior to indictment. Howard v. State,319 So.2d 219 (Miss. 1975). Thus, this argument is wholly without merit.
¶ 8. In the alternative, McDougle argues that the admission of the photographic identification was suggestive and amounted to a violation of his due process rights under the Fourteenth Amendment to the United States Constitution. This Court has held that identifications made on the basis of a single photograph are not per se inadmissible. Brown v.State, 751 So.2d 1155, 1159 (Miss. Ct. App. 1999) (citing Neil v.Biggers, 409 U.S. 188 (1972)). Rather, in ruling upon the admissibility of possibly suggestive identification lineups, it is necessary to decide whether, under the "totality of the circumstances," the lineup was reliable. Id.
¶ 9. In Biggers, the United States Supreme Court outlined the factors to be considered in evaluating the likelihood of misidentification. Biggers, 409 U.S. at 199. These "include the opportunity of the witness to view the criminal at the time of the crime, the witness' [sic] degree of attention, the accuracy of the witness' [sic] prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation." Id. In the present case, Womack conversed with McDougle for approximately six minutes during *Page 912 
daylight hours. His purpose for doing so was to catch McDougle in the act of selling narcotics, so his attention can be assumed to have been at a high level. Womack stated, both at the "post-buy" meeting and at trial, that he was absolutely certain that McDougle was the man who sold him the narcotics. Furthermore, the photographic identification was made within an hour of the transaction. Given these circumstances, the photographic identification was reliable. McDougle's second argument is, therefore, without merit.
III. Length of Sentence
¶ 10. In a third assignment of error, McDougle contends that his sentence is disproportionate to the crime for which he was found guilty. Relying upon Solem v. Helm, 463 U.S. 277 (1983), he insists that this sentence is a violation of his right to be free from cruel and unusual punishment, which is guaranteed by the Eighth Amendment to the United States Constitution.
¶ 11. The Mississippi Supreme Court has held that "[a]s a general rule, a sentence will not be disturbed on appeal so long as it does not exceed the maximum term allowed by statute. Stromas v. State,618 So.2d 116, 122 (Miss. 1993) (citations omitted). In Stromas, the defendant was convicted of the sale of "only a small amount of cocaine."Id. at 123. He was subsequently sentenced to a thirty year term, which was doubled because of his "subsequent offender" status. Id. Denying any relief to the defendant, the court held that, "[b]ecause this sentence was within the statutory guidelines, and because this State's legislature, as a matter of public policy, has called for stiff penalties for drug offender[s], Solem v. Helm is not implicated in this case. Declaring a sentence violative of the Eighth Amendment to the U.S. Constitution carries a heavy burden and only in rare cases should this Court make such a finding." Id. McDougle's third assignment of error is without merit.
 CONCLUSION
¶ 12. In that each of McDougle's claims is found to be without merit, we affirm both his conviction and sentence.
¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF WAYNE COUNTY OFCONVICTION OF DELIVERY OF COCAINE AND SENTENCE AS A SUBSEQUENT OFFENDEROF THIRTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OFCORRECTIONS AND FINE OF $10,000 IS AFFIRMED. ALL COSTS OF THIS APPEAL AREASSESSED TO WAYNE COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P. JJ., BRIDGES, IRVING, LEE,MOORE, PAYNE, AND THOMAS, JJ., CONCUR.