MYERS, J.,
for the Court.
¶ 1. Munif N. Salman was found guilty in the Circuit Court of Panola County, Mississippi, of three counts of failure to file a tax return for the years of 1998, 1999 and 2000 and two counts of attempting to evade payment of personal income tax for the years of 1998 and 1999 in violation of Mississippi Code Annotated Sections 27-7-87(2) and 27-3-79(2), respectively. Sal-man appeals his conviction and sentence and raises the following three issues. Finding these issues to be without merit, we affirm.
ISSUES PRESENTED
I. Did the circuit court err by denying Salman’s motion for directed verdict and dismissal of the indictment made at the close of the evidence?
II. Did the circuit court err by refusing to allow jury instructions D-6, D-7 and D-8?
III. Did the circuit court err by imposing the maximum sentence on Salman?
STATEMENT OF FACTS
¶ 2. Salman was contacted by the Mississippi State Tax Commission concerning *476 both income and sales tax returns for the years of 1998, 1999 and 2000. The sales tax returns are not at issue in this case. Salman was first contacted by the Tax Commission around September of 2000. Contacts between Salman and the Tax Commission took place, but Salman’s tax affairs were not resolved. Assessment notices were issued by the Tax Commission for both Salman’s sales tax and income tax liability. Following a request made by Salman, a meeting between Salman and the Tax Commission was held in early December 2001, to discuss his tax liability. No resolution was reached at that meeting.
¶ 3. Salman claims that at that time he was employing the services of a third accountant, Vickie Cook. Cook was hired to work through Salman’s tax issues. Sal-man asserts that Cook timely filed a protest requesting a board of review hearing as provided by state law. An initial hearing was scheduled by the chairman of the review board by letter dated December 31, 2001, but the hearing was later postponed.
¶ 4. Salman was indicted on March 15, 2002, on three counts of tax evasion, a felony, in violation of Mississippi Code Annotated Section 27-3-79(2) and three counts of failure to file tax returns, a misdemeanor, in violation of Mississippi Code Annotated Section 27-7-87(2). At Sal-man’s trial, held on September 9, 2002, the prosecution called three witnesses who were employees of the Tax Commission. Mike Shelby, a bureau director with the Tax Commission, testified that the Tax Commission assessed that Salman owed personal income tax of $79,815, with penalties and interest included, but that Salman on the date of his trial had paid nothing. Shelby also testified that Salman had previously filed income tax returns, specifically in 1996.
¶ 5. Mark Morgan, a criminal investigation agent who collected information on Salman, testified that Salman did receive income during the years of 1998, 1999 and 2000 and no returns were filed. Morgan determined Salman’s source of income to be a convenience store and gas commissions. According to Morgan’s investigation, Salman’s gross income for the years in question was as follows: 1998-$833,751.28; 1999-$558,311.97; 2000-$299,144. Morgan testified that he requested income tax records from Salman; however, Salman failed to provide the tax records claiming that they were stored in a barn and eaten by rats.
¶ 6. Liesa Holeman, a senior tax auditor with the Senatobia office of the Tax Commission who was responsible for an audit on Salman, testified that Salman owed $18,203 in personal income tax for 1998, $9,646 for 1999 and $5,503 for 2000. According to Holeman, Salman was asked for tax records and neither provided them to the Tax Commission or assisted the Tax Commission in any way. Holeman stated that Salman had not paid any taxes, penalties or interest for 1998, 1999 and 2000.
¶ 7. At the close of the State’s case, Salman moved for a directed verdict and dismissal of the indictment. The trial court denied Salman’s motion. Salman did not put on any evidence. The jury found Salman guilty of three counts of failure to file a tax return for the years 1998, 1999 and 2000 and two counts of attempting to evade payment of personal income tax for the years 1998 and 1999. The trial court imposed the following sentence:
Count 1 — Failure to file a personal income tax return for 1998-6 months suspended and concurrent with Count 4.
Count 2 — Attempting to evade payment of personal income tax for 1998-5 years, $5,000 fine and $27,849 restitution to Tax Commission.
*477 Count 3 — Failure to file a personal income tax return for 1999-6 months suspended concurrent to Count 1.
Count 4 — Attempting to evade payment of personal income tax for 1999-5 years suspended and consecutive to Count 2.
Count 5 — Failure to file a personal income tax return for 2000-6 months suspended and concurrent to Count 1.
Following the trial court’s denial of Sal-man’s motion for new trial, Salman timely filed his notice of appeal.
LEGAL ANALYSIS
I. DID THE CIRCUIT COURT ERR BY DENYING SALMAN’S MOTION FOR DIRECTED VERDICT AND DISMISSAL OF THE INDICTMENT MADE AT THE CLOSE OF THE EVIDENCE?
¶ 8. Salman maintains that the trial court committed error by denying his motion for directed verdict and dismissal of the indictment made at the close of the evidence. By reading Salman’s motion, it is apparent that he was arguing that the State failed to prove certain elements of the crimes for which he was charged in the indictment.
¶ 9. Motions for directed verdict as well as motions for JNOV both challenge the sufficiency of the evidence. Noe v. State, 616 So.2d 298, 302 (Miss.1993). Our standard of review regarding the legal sufficiency of the evidence is as follows:
[W]e must, with respect to each element of the offense, consider all of the evidence — not just the evidence which supports the case for the prosecution — in the light most favorable to the verdict. The credible evidence which is consistent with the guilt, must be accepted as true. The prosecution must be given the benefit of all favorable inferences that may reasonably be drawn from the evidence. Matters regarding the weight and credibility to be accorded the evidence are to be resolved by the jury. We may reverse only where, with respect to one or more of the elements of the offense charged, the evidence so considered is such that reasonable and fair-minded jurors could only find the accused not guilty.
Wetz v. State, 503 So.2d 803, 808 (Miss.1987). Salman’s misdemeanor charges in the indictment relate to Mississippi Code Annotated Section 27-7-87(2). Salman argues that Sections 27-7-87(2) and(5) provide that a crime has not been committed until written notice and demand has been made by the Tax Commission for a taxpayer to file a tax return. Salman contends that the State offered no proof on the essential elements of written notice and demand so the trial court should have granted his motion for directed verdict.
¶ 10. In the case sub judice, the record indicates that the State offered ample evidence of written notice to Salman that he owed income tax and made demand for payment.' Mike Shelby, a witness for the State; testified that in December of 2001, the Tax Commission mailed a notice of assessment to Salman on his income tax liability. Shelby stated that as a result of Salman receiving the notices, he requested the meeting that was held on December 3, 2001. Furthermore, Section 27-7-53(2) of the Mississippi Code Annotated states, “If no return, is made by a taxpayer required by this chapter to make a return, ... the commissioner shall forthwith make an assessment of the tax so determined to be due by mail or by personal delivery of the assessment to the taxpayer, which assessment shall constitute notice and demand for payment.” The State offered proof that such assessment was mailed to Sal-man, and according to statute, that assessment constituted written notice and de *478 mand for payment. This issue is without merit.
¶ 11. Salman next contends that the Stated offered no proof on the willfulness requirement of Mississippi Code Annotated Sections 27-7-87(2) and 27-3-79(2). Salman argues that the misdemean- or statute requires willful refusal to file a tax return and the felony statute requires a willful attempt to evade or defeat paying taxes. Salman maintains that all evidence points to his fervent attempts to work with the Tax Commission to resolve his tax issues and as such his inactions were not wilful or criminal in nature. Salman interprets the evidence incorrectly.
¶ 12. Mark Morgan and Liesa Hole-man, witnesses for the State, testified that Salman provided them no records or any information that would aid their investigation. They stated that Salman told them the documents were eaten by rats. Sal-man points to the meeting on December 3, 2001, and alleges that he was willing to pay the taxes at that time. The State’s witnesses testified that Salman expressed some interest in paying, but never actually offered to pay or paid any amount of tax owed during the entire time of the investigation up to the date of his trial. Also, evidence was presented that Salman did previously file a tax return for 1996, so Salman was aware that he, as a citizen, was obligated to file these documents. He just chose not to for whatever reason.
¶ 13. It must be noted that both Salman and the State mention the case of Blue v. State, 716 So.2d 567 (Miss.1998) in their appellate briefs. At trial, the State relied on this case for the assertion that certain income tax violations are malum, prohibi-tum crimes and therefore the defendant’s mens rea is irrelevant. Salman seeks 'to distinguish his case factually from Blue. While arguing that the defendant’s state of mind is irrelevant, Salman contends that the holding of Blue still requires that- the violation of the law be intentional. In Blue, the court stated:
“ ‘Under the common law, proof of criminal intent is a necessary element in the prosecution of every criminal case, (except those offenses which are merely malum prohibitum).’ ” (Collins v. City of Hazlehurst, 709 So.2d 408, 413 (Miss.1997) (quoting Lee v. State, 244 Miss. 813, 146 So.2d 736, 738 (Miss.))). We have stated that intent to commit a crime is not required, but rather the mere intent to commit the act is sufficient where certain acts have been enumerated unlawful by statute. Nonpayment of income taxes is a statutory violation and is therefore a malum prohibitum crime; therefore, the appellants’ state of mind is irrelevant. Rather the relevant point is that the Blues intended not to pay and did not pay their income taxes for 1990 and 1991 (the years at issue here), which violates the statutes of the State of Mississippi.
¶ 14. It is clear from Blue that while Salman may not have intended to violate the applicable statutes specifically, it is still entirely possible for Salman to commit a malum prohibitum crime such as nonpayment of income taxes by intending to commit the act alone. In this case, the State presented ample evidence for the jury to consider and weigh regarding Sal-man’s failure to file tax returns and his refusal to pay income taxes owed.
¶ 15. According to the above mentioned standard of review, this Court looks at the evidence in the light most favorable to the verdict. It was for the jury to decide the weight and credibility of the evidence and this Court finds there was sufficient evidence for the jury to find that Salman committed the crimes of failure to file a tax return and evading payment of taxes. The trial court did not commit error by *479 denying Salman’s motion for directed verdict.
II. DID THE CIRCUIT COURT ERR BY REFUSING TO ALLOW JURY INSTRUCTIONS D-6, D-7, AND D-8?
¶ 16. Salman asserts that it was reversible error by the trial court to deny jury instructions number D-6, D-7, and D-8 which each addressed the issue of willfulness. Salman again asserts that willfulness was an essential element of each crime with which he was charged. “In determining whether error lies in the granting or refusal of various instructions, the instructions actually given must be read as a whole. When so read, if the instructions fairly announce the law of the case and create no injustice, no reversible error will be found.” Johnson v. State, 823 So.2d 582, 584(¶4) (Miss.Ct.App.2002).

Jury Instruction D-6

¶ 17. The trial court refused to give jury instruction D-6 which read:
The evidence has raised the issue of ignorance on the part of the defendant concerning his knowledge of the tax laws and his belief that he was actively cooperating with the State Tax Commission to resolve his tax affairs in relation to the offenses of tax evasion and failure to file. If the defendant mistakenly believes that his cooperation with the State Tax Commission satisfied his legal requirements that defendant is not guilty of the offenses of tax evasion and failure to file returns if the defendant’s belief was reasonable. To be reasonable the belief must have been based on information, or lack of it, which would indicated [sic] to a reasonable person that the defendant’s communications with the State Tax Commission satisfied his legal responsibilities.
It has long been held that a judge in a criminal case may not comment on or sum up the testimony for the jury. Austin v. State, 784 So.2d 186, 193 (¶ 20) (Miss.2001) (citing Hansen v. State, 592 So.2d 114, 141 (Miss.1991)). In Hansen, the court stated, “Our criminal procedure has long perceived dangers in comments upon the evidence, and in that regard we have for years had a statute, Mississippi Code Annotated Section 99-17-35, which reads in pertinent part: The judge in any criminal cause, shall not sum up or comment on the testimony or charge the jury as to the weight of evidence.... ” Hansen, 592 So.2d at 141. Jury instruction D-6 commented on the evidence and was properly refused by the trial judge.
¶ 18. The trial court also refused to give jury instruction D-7 which read:
(Willful Intent) The Court instruct the jury that in order to find Mr. Salman guilty of a felony, you the jury must find that Mr. Salman acted willfully. The word “willfully,” as that term has been used from time to time in these instructions, means that the act was committed voluntarily and purposefully, with the specific intent to do something the law forbids; that is to say, with bad purpose either to disobey or disregard the law. Mr. Salman is not guilty of wilfully evading his taxes if all that is shown is that he is careless about keeping his books. He is not guilty of willfully evading his taxes if all that is shown is that he failed to hire competent bookkeepers or accountants. It must be shown that he willfully performed acts with the intent to defraud the State Tax Commission, to deceive them, in order to cheat the State from the proper tax which was due from him.
There were numerous instructions given to the jury regarding the issue of willfulness *480 such as Nos. 9, 11, and 13 which informed the jury that it had to find that Salman “willfully attempted to evade or defeat personal income tax imposed by the State Tax Commission.” This wording mirrors the language of the applicable statute under which Salman was charged. See Miss. Code Ann. § 27-3-79(2) (Rev.2003). Also No. 15 stated “Wilful means nothing more than intentionally doing an act or intentionally failing to do an act.” The trial court was “under no obligation to grant redundant instructions.” Montana v. State, 822 So.2d 954, 961 (¶ 26) (Miss.2002). The jury received an abundance of instructions on the wilfulness element of the felony. The jury had been fully informed as to the requirement and meaning of the term “willful.” Aso, this instruction commented on evidentiary matters that were not before the jury. See Hansen, 592 So.2d at 141. Specifically, that Salman failed to hire competent bookkeepers or accountants. There was no evidence presented at trial on this issue. It was not error for the trial court to refuse jury instruction D-7.

Jury Instruction D-8

¶ 19. The trial court refused to grant instruction D 8 which read:
(Reliance on Tax Professionals) The Prosecution has charged that Mr. Sal-man willfully, feloniously and knowingly attempted to evade or defeat his taxes. However, if you find that Mr. Salman’s actions were based on reliance in good faith upon the advice of his accountants or employees of the State Tax Commission, then you must find that Mr. Sal-man is not guilty as charged in the indictment.
The trial court did not commit error by refusing instruction D 8 because it comments on issues that are unsupported by the evidence. The trial court is not required to give an instruction that is unsupported by the evidence. Catchings v. State, 684 So.2d 591, 595 (Miss.1996). In this case, there was no evidence presented that Salman relied on professionals or employees of the Tax Commission to handle his tax affairs. To the contrary, the evidence reflected that it was Salman’s own responsibility both to file his tax returns and to pay taxes he owed and he did neither. This issue is without merit.
III. DID THE TRIAL COURT ERR BY IMPOSING THE MAXIMUM SENTENCE ON SALMAN?
¶ 20. Salman contends that it was an abuse of discretion for the trial judge to impose the maximum sentence of five years for the felony counts. Salman asserts that he had no prior criminal record and was an otherwise responsible and respected member of the community and as such the maximum sentence was not warranted. Salman cites no authority in his appellate brief to support his argument.
¶ 21. As the State correctly argues, we have no obligation to review any assignments of error where the party has cited no authority. Joiner v. State, 835 So.2d 42, 44(¶ 7) (Miss.2003); See also Kelly v. State, 553 So.2d 517, 521 (Miss.1989). Considering the merits of Salman’s argument briefly, sentencing is within the “complete discretion of the trial court and not subject to appellate review if it is within the limits prescribed by statute.” Hoops v. State, 681 So.2d 521, 537 (Miss.1996). “A trial court will not be held in error or held to have abused discretion if the sentence imposed is within the limits fixed by statute.” Gunter v. State, 841 So.2d 195, 200 (¶ 17) (Miss.Ct.App.2003) (quoting Johnson v. State, 461 So.2d 1288, 1292 (Miss.1984)). As long as the sentence is within the prescribed statutory guidelines, the sentence will not be disturbed on appeal. McDougle v. State, 781 So.2d 909, *481 912 (¶ 11) (Miss.Ct.App.2000). The sentence imposed on Salman was within the statutory limits; therefore, this issue is without merit.
¶ 22. THE JUDGMENT OF THE CIRCUIT COURT OF PANOLA COUNTY OF CONVICTION OF COUNT 1— FAILURE TO FILE A PERSONAL INCOME TAX RETURN FOR 1998 AND SENTENCE OF SIX MONTHS SUSPENDED TO RUN CONCURRENTLY WITH COUNT 4; COUNT 2 — ATTEMPTING TO EVADE PAYMENT OF PERSONAL INCOME TAX FOR 1998 AND SENTENCE OF FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, $5000 FINE AND $27,849 RESTITUTION TO TAX COMMISSION; COUNT 3 — FAILURE TO FILE A PERSONAL INCOME TAX RETURN FOR 1999 AND SENTENCE OF SIX MONTHS SUSPENDED TO RUN CONCURRENTLY WITH COUNT 1; COUNT 4 — ATTEMPTING TO EVADE PAYMENT OF PERSONAL INCOME TAX FOR 1999 AND SENTENCE OF FIVE YEARS SUSPENDED TO RUN CONSECUTIVELY TO COUNT 2; COUNT 5— FAILURE TO FILE A PERSONAL INCOME TAX RETURN FOR 2000 AND SENTENCE OF SIX MONTHS SUSPENDED TO RUN CONCURRENTLY WITH COUNT 1 IS AFFIRMED. ALL COSTS OF APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C. J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, CHANDLER AND GRIFFIS, JJ., CONCUR.