REVISED DISSENT

COPE, J.
(dissenting).
I respectfully dissent. The majority opinion’s analysis is contrary to established precedent.
I.
The majority opinion says that California Golden State waived its objection to personal jurisdiction. Majority opinion at 7. That is not so. The plaintiff served the complaint on Phil Zamel in California. There was no timely response and the court entered a default.
Subsequently California Golden State filed a Motion to Vacate Default, attached to which was a proposed answer and affirmative defenses. Golden State’s Second Affirmative Defense says: “This Court does not have personal jurisdiction over Golden State, a non-resident of Florida, which does not conduct business and does not have sufficient contacts in Florida to subject it to the jurisdiction of this Court.” App. 8.
The majority opinion finds that Golden State waived the jurisdictional objection. The majority is wrong about that.
The majority says that “Golden State pursued its motion to set aside the default, but not the lack of jurisdiction, until months later-” Majority opinion at 821. The majority misapprehends the record. In moving to set aside a default, the moving party must demonstrate (among other things) that the moving party has a meritorious defense. See Cinkat Transp. Inc. v. Maryland Cas. Co., 596 So.2d 746, 747 (Fla. 3d DCA 1992). In order to demonstrate the existence of such defenses, Golden State filed an answer and affirmative defenses which included the absence of personal jurisdiction as one of several defenses. See id.; Pieco, Inc. v. Sunset Amoco West, Inc., 597 So.2d 972, 973 (Fla. *825 3d DCA 1992). Rule 1.140(h)(1) specifically allows the defense of lack of jurisdiction over the person to be presented in a responsive pleading, i.e., an answer. See M.T.B. Banking Corp. v. Bergamo Da Silva, 592 So.2d 1215 (Fla. 3d DCA 1992); Cumberland Software, Inc. v. Great American Mtg. Corp., 507 So.2d 794, 795 (Fla. 4th DCA 1987). The defendant’s filings were a timely and appropriate way to raise the objection to personal jurisdiction.
The majority opinion also says, “The fact that the proposed answer made a vague, conclusory reference to the lack of personal jurisdiction, without setting forth any factual support, does not change the outcome that the issue was waived.” Majority opinion at 821. There are two problems with this analysis.
First, the defendant’s affirmative defense is clear on its face and puts the plaintiff on fair notice of the defense of lack of personal jurisdiction.
Second, the majority’s analysis is contrary to this court’s decision in Calero v. Metropolitan Dade County, 781 So.2d 911 (Fla. 3d DCA 2001). There we said that where an affirmative defense is insufficiently particularized, it is “subject to being stricken with leave to replead. See Fla. R. Civ. P. 1.140(b).” 787 So.2d at 914.
Contrary to what the majority opinion says, there is no rule that an insufficiently pled affirmative defense is waived. The majority cites no authority for that proposition. Instead, as stated in Calero, if the affirmative defense is insufficiently pled, the plaintiff may attack it by a motion to strike and, if the motion is well taken, then the defending party must be given leave to replead with more particularity.
II.
The majority opinion rules alternatively that the trial court correctly denied the motion to dismiss for lack of jurisdiction on the merits. Respectfully, that is not so.
The problem here is that the majority opinion treats the issue purely as a matter of pleading. The majority says that the complaint makes sufficient allegations to invoke personal jurisdiction under Florida’s long arm statute. Majority opinion at 822. The majority thus rules that, as matter of pleading, the plaintiff has alleged sufficient facts to bring the defendant within the ambit of Florida’s long arm statute.
The majority opinion has, however, failed to address Golden State’s actual claim in the trial court: that as a matter of fact, there is no long-arm jurisdiction over California Golden State. Under Venetian Salami Co. v. Parthenais, 554 So.2d 499 (Fla.1989), “A defendant wishing to contest the allegations of the complaint concerning jurisdiction or to raise a contention of minimum contacts must file affidavits in support of his position.” Id. at 502 (emphasis added). In this case the defendant filed such affidavits and the trial court referred the matter to a retired judge for “a limited evidentiary hearing in order to determine the jurisdiction issue.” Id. at 503.
On appeal from the order denying the motion to dismiss for lack of personal jurisdiction, the question before us is whether the order is supported by competent substantial evidence. In the present case there is no evidence to support the order.
It is clear in the record that the California Golden State corporation does business only in California. Since there is no evi *826 dence which supports the proposition that California Golden State has long arm contact with Florida, it follows that the order now before us must be reversed.
III.
I am in agreement with the majority opinion in rejecting the plaintiffs “two for one” theory of personal jurisdiction. At oral argument, the plaintiff announced her theory that when the plaintiff served Mr. Zamel in California, the plaintiff had effectively accomplished service of process on both California Golden State and Nevada Golden State. Further, it is the plaintiffs position that when the default was entered, the default applies to both the California and Nevada companies.
The terminology used on the summons in this case corresponds to the terminology and identification of officers for the California corporations. It is clear that the plaintiff has served only California Golden State, not Nevada Golden State.
IV.
In conclusion, the evidence of record demonstrates that there is no long arm jurisdiction over California Golden State. We should reverse the order now before us.
Because the plaintiff did not know of the existence of two Golden State corporations, the complaint has been addressed to Golden State without differentiation between the two companies. The complaint is thus legally sufficient to state a claim against Nevada Golden State. Golden State’s counsel agreed with this point at oral argument.
That being so, the current complaint is sufficient to stop the running of the statute of limitations as to Nevada Golden State. Thus, while service of process should be quashed as to California Golden State, the plaintiff remains free to serve Nevada Golden State.