LEE, C.J.,
for the Court:
PROCEDURAL HISTORY
¶ 1. Connie Lynn Armstead was convicted by a jury in the Oktibbeha County Circuit Court of Count I, robbery, and Count II, directing a minor to commit a felony. On Count I, Armstead was sentenced to serve ten years in the custody of the Mississippi Department of Corrections (MDOC) and ordered to pay a $1,000 fine as well as $765 in restitution. On Count II, Armstead was sentenced to serve ten years in the custody of the MDOC and ordered to pay a $1,000 fine. The trial court ordered the sentence in Count II to run consecutively to the sentence imposed in Count I.
¶ 2. Armstead filed post-trial motions, which were subsequently denied. Arm-stead now appeals, asserting that: her guilty verdict in Count I is against the overwhelming weight of the evidence, and there was insufficient evidence to support the guilty verdict in Count II. Finding error in regard to Count II, we must reverse and render. However, we find no error in regard to Count I and affirm.
FACTS
¶ 3. On April 20, 2009, Ashley Hemphill was headed to Starkville, Mississippi, from Jackson, Mississippi. Hemphill was a student at Mississippi State University (MSU). According to Hemphill, she noticed a black Oldsmobile Alero behind her with its lights on bright. Hemphill first noticed the ear as she was passing Northwest Rankin High School, located on Highway 25 in Flowood, Mississippi. Hemphill testified that the car pulled in front of her, slammed on its brakes, returned to the other lane, and then drove closely behind her car. Hemphill stated that she applied her brakes. The black car then pulled next to her car, and the passenger, later identified as Armstead, hung out of the window shouting at Hemphill. At some point during the drive, Hemphill was able to write down the license tag number of the black car.
¶ 4. As Hemphill arrived in Starkville, she drove to her sorority house on MSU’s campus. Hemphill testified that the black car was still behind her at this point. Hemphill sat in her car for a minute to see where the black car went and called her mother, Patty Hemphill. As Hemphill was exiting her car, she was accosted by Arm-stead, Preston Harris, and Cedrick Minor. Patty testified that she heard a female voice yell, ‘You rich white bitch, I’m going to beat your ass.” Patty heard some other curse words before the call was disconnected.
¶ 5. Hemphill testified that Armstead began yelling that Armstead was going to beat her. Armstead then pushed Hemp-hill onto a car and began to strike Hemp-hill in the face. Hemphill testified that Armstead grabbed her cell phone and car keys, and then Armstead punched her again. Hemphill stated that Harris also punched her in the face and took her purse. Armstead, Harris, and Minor then ran away. Hemphill then ran into the sorority house, where someone called the police and gave them the license tag number of the black car.
¶ 6. Courtney Armstead, Armstead’s sister, testified that Armstead came to her house between eight and nine o’clock on the night of April 20, 2009. Armstead told Courtney that she had been in a fight. Courtney stated that Harris and Minor also entered her home and that Minor was *114 carrying a purse. Courtney testified that after Armstead heard that the police were coming over, Armstead became frightened, changed her shirt, and pinned up her hair.
¶ 7. Minor testified that he was riding back to Starkville with Armstead and Harris when a car with its bright lights on pulled up behind them. Minor stated that Harris was driving and decided to get behind that car and turn on his bright lights. Minor testified that the car in front of them suddenly slammed on its brakes. Minor also stated that the three of them discussed what to do about the bright lights of the car shining on them. Armstead, Minor, and Harris decided that they would follow the car to its destination, and Armstead would fight the other driver. Minor saw Armstead push Hemphill, but he did not see Armstead or Harris strike her. After the altercation with Hemphill, Minor stated that he saw Harris with a purse and Armstead with a cell phone. They ultimately threw the cell phone out the car window and disposed of the purse behind Courtney’s house.
¶ 8. The police traced the car using the license tag number to Armstead’s mother. Armstead’s mother informed the police that Armstead was driving the car. Hemphill identified Armstead, Harris, and Minor as the perpetrators. Armstead denied any direct involvement in the assault and robbery of Hemphill. After giving several contradictory statements concerning the assault and robbery of Hemphill, Armstead admitted to hitting Hemphill but denied that she had taken Hemphill’s cell phone or purse.
DISCUSSION
I. ROBBERY
¶ 9. Armstead argues that the guilty verdict in Count I is against the overwhelming weight of the evidence. “When reviewing a denial of a motion for a new trial based on an objection to the weight of the evidence, we will only disturb a verdict when it is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice.” Bush v. State, 895 So.2d 836, 844 (1118) (Miss.2005). Furthermore, it is well-settled law that the jury determines the credibility of witnesses and resolves conflicts in the evidence. Davis v. State, 866 So.2d 1107, 1112 (¶ 17) (Miss.Ct.App.2003).
¶ 10. Robbery is defined as “feloniously takfing] the personal property of another, in his presence or from his person and against his will, by violence to his person or by putting such person in fear of some immediate injury to his person....” Miss. Code Ann. § 97-3-73 (Rev.2006). Arm-stead attacked Hemphill and grabbed her cell phone and car keys. One of Arm-stead’s accomplices took Hemphill’s purse. Although Armstead dropped the car keys, she left the scene with Hemphill’s cell phone and later disposed of it. Much of Armstead’s argument concerns the credibility of the witnesses. However, it is the jury’s job to determine credibility, and it clearly resolved any conflicts in the evidence in the State’s favor.
¶ 11. Armstead also contends that there was no proof she intended to rob Hemp-hill. There was proof that Armstead attacked Hemphill and grabbed her cell phone and car keys. Furthermore, “a person is presumed to intend that which he does.... ” Lee v. State, 244 Miss. 813, 819, 146 So.2d 736, 738 (1962). The jury inferred intent from Armstead’s actions. We cannot find that to allow the guilty verdict to stand would sanction an unconscionable injustice. This issue is without merit.
II. DIRECTING OR CAUSING A MINOR TO COMMIT A FELONY
¶ 12. Armstead also contends that there was insufficient evidence for the *115 jury to convict her of Count II, directing or causing a minor to commit a felony. In challenging the legal sufficiency of the evidence, “the critical inquiry is whether the evidence shows ‘beyond a reasonable doubt that accused committed the act charged, and that he did so under such circumstances that every element of the offense existed; and where the evidence fails to meet this test it is insufficient to support a conviction.’ ” Bush, 895 So.2d at 843 (¶ 16) (quoting Carr v. State, 208 So.2d 886, 889 (Miss.1968)).
¶ 13. According to Mississippi Code Annotated section 97-1-6 (Rev.2006), “any person over the age of seventeen (17) who shall direct or cause any person under the age of seventeen (17) to commit any crime which would be a felony if committed by an adult shall be guilty of a felony....” Clearly, this statute pertains to persons over the age of seventeen and not persons who are seventeen at the time the crime is committed. Anyone who has reached their seventeenth birthday is technically over the age of seventeen even if only by one second. If the Legislature had intended for persons seventeen years of age to be included, then it would have worded the statute to say “any person seventeen or older.” Armstead was born on August 27, 1991, and the crime occurred on April 20, 2009. On the date of the crime, Armstead was only seventeen years old.
¶ 14. It is clear that the State failed to prove every element of the crime of directing a minor to commit a felony. Furthermore, the jury instructions failed to include the necessary language that Arm-stead be over seventeen at the time of the crime. As such, we must reverse and render Armstead’s conviction in regard to Count II.
¶ 15. THE JUDGMENT OF THE OK-TIBBEHA COUNTY CIRCUIT COURT OF CONVICTION OF COUNT I, ROBBERY, AND SENTENCE OF TEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND TO PAY A $1,000 FINE AND $765 IN RESTITUTION IS AFFIRMED; AND COUNT II, DIRECTING A MINOR TO COMMIT A FELONY, IS REVERSED AND RENDERED. ALL COSTS OF THIS APPEAL ARE ASSESSED ONE-HALF TO THE APPELLANT AND ONE-HALF TO OK-TIBBEHA COUNTY.
MYERS AND ISHEE, JJ., CONCUR. ROBERTS, J., CONCURS WITH SEPARATE WRITTEN OPINION JOINED BY GRIFFIS, P.J., BARNES AND MAXWELL, JJ. IRVING, P.J., CONCURS IN RESULT ONLY. CARLTON, J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION. RUSSELL, J., NOT PARTICIPATING.